# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3202

_____

United States of America,        *
       *
       Appellee,        *
       *    Appeal from the United States
       v.        *    District Court for the
       *    Northern District of Iowa.
Brian Edward Bassett,        *
       •    [PUBLISHED]
       Appellant.        *

_____

Submitted: April 21, 2005
Filed: May 6, 2005

_____

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Brian Bassett appeals the 90-month sentence the district court[1] imposed after he pleaded guilty to possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), and transporting and shipping child pornography in violation of 18 U.S.C. §§ 2252A(a)(1) and (b)(1). Bassett argues that the district court committed reversible error by applying--over his objection under <u>Blakely v. Washington</u>, 124 S. Ct. 2531, 2536-43 (2004)--certain sentence enhancements based on facts that were neither admitted nor proved to a jury.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

The Supreme Court recently decided that the reasoning in <u>Blakely</u> applies to the federal Sentencing Guidelines, and "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." <u>See</u> <u>United States v. Booker</u>, 125 S. Ct. 738, 756 (2005). Here, because the supporting facts were not admitted or proved to a jury, application of the challenged enhancements violated Bassett's Sixth Amendment rights. The district court, however, announced an alternative (though identical) 90-month sentence, which the court stated was based on the use of its discretion after "consider[ing] all of the factors set forth at 18 [U.S.C. §] 3553(a)." (Sent. Tr. at 58-59.) We therefore conclude that the Sixth Amendment error did not affect the ultimate sentence and was harmless beyond a reasonable doubt. <u>See</u> <u>United States v. Dominguez Benitez</u>, 124 S. Ct. 2333, 2339 (2004) (error affects substantial rights if it has prejudicial effect on outcome of judicial proceeding); <u>Neder v. United States</u>, 527 U.S. 1, 7-8 (1999) (for all preserved constitutional errors other than "very limited class" determined to be "structural," reviewing court must disregard all errors that are harmless beyond reasonable doubt; error is harmful if it affects substantial rights). Further, Bassett's sentence was not unreasonable. <u>See</u> <u>Booker</u>, 125 S. Ct. at 764-67.

　　　　Accordingly, we affirm.

　　　　　　　　　　_____