# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

————————

No. 04-3438

————————

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　District of Nebraska.
David H. Archuleta,　　　　　　　*
　　　　　　　　　　　　　　　　　*　　　[PUBLISHED]
　　　　　　　Appellant.　　　　　*

————————

Submitted: March 14, 2005
Filed: June 28, 2005

————————

Before WOLLMAN, LAY, and HANSEN, Circuit Judges.

————————

HANSEN, Circuit Judge.

David H. Archuleta appeals the sentence imposed by the district court[1] following Archuleta's guilty plea to one count of mail fraud, 18 U.S.C. § 1341 (2000), and argues that the enhancements to his sentence imposed under the United States Sentencing Guidelines (Guidelines) violated his Sixth Amendment rights. We affirm the judgment of the district court.

———————————————

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

Archuleta was a long-time employee of the Union Pacific Railroad (UPRR), where he was the Purchasing Manager of Special Equipment. He and co-defendant Raymond Kyral devised a scheme to defraud UPRR by causing UPRR to pay materially false invoices submitted by a company owned by Kyral and approved for payment by Archuleta. Kyral then gave Archuleta a kickback from the fraudulent scheme. The two men defrauded UPRR of approximately $1.5 million over a four-year period.

The government charged Archuleta with three counts of mail fraud. Archuleta pleaded guilty on December 30, 2003, to Count I of the indictment, and the government agreed to dismiss the remaining mail fraud counts. The probation office prepared a presentence investigation report (PSR) which recommended: a twelve-level enhancement for a loss of more than $1.5 million and less than $2.5 million, USSG § 2F1.1(b)(1)(M) (Nov. 1998); a two-level enhancement for an offense involving more than minimal planning, USSG § 2F1.1(b)(2)(A); a two-level enhancement for Archuleta's aggravating role in the offense, USSG § 3B1.1(c); and a two-level enhancement for abuse of a position of trust, USSG § 3B1.3. Archuleta objected to these four paragraphs of the PSR on the basis that the Supreme Court's then-recently decided case of Blakely v. Washington, 124 S. Ct. 2531 (2004), applied to the Guidelines and required that the facts supporting the proposed enhancements had to be proved to a jury beyond a reasonable doubt rather than decided by a judge.

At the sentencing hearing, Archuleta stipulated that the government could prove by a preponderance of the evidence that the amount of the loss ranged between $800,000 and $1.5 million (resulting in an eleven-level rather than a twelve-level enhancement), that he abused a position of public or private trust, and that the offense involved more than minimal planning. He maintained his argument, however, that

the enhancements had to be proved to a jury beyond a reasonable doubt under Blakely. The district court sustained Archuleta's objection to the two-level aggravating role enhancement but overruled the remaining objections, subject to the adjusted eleven-level enhancement for the amount of the loss. The district court refused to declare the guidelines unconstitutional and sever the allegedly offending enhancements as requested by Archuleta. The district court sentenced Archuleta to 27 months imprisonment, the bottom of the relevant Guidelines range based on the stipulated facts. The district court stated that it would have imposed the same sentence if the Guidelines were found to be unconstitutional as a whole and it was bound only by the statutory range of zero to five years. Archuleta appeals his sentence.

## II.

The Supreme Court has now extended its Blakely holding to the United States Sentencing Guidelines, holding that application of mandatory Guideline sentencing enhancements based on judge-found facts violates a defendant's Sixth Amendment rights. See Booker v. United States, 125 S. Ct. 738, 756 (2005). In Justice Breyer's remedial opinion, the Court remedied the Sixth Amendment violation by severing the statutory provisions making the Guidelines mandatory, thus leaving the Guidelines in place but placing them in an advisory status rather than binding mandates. See id. at 756-57 (excising 18 U.S.C. § 3553(b)(1) (making the guidelines mandatory) and 18 U.S.C. 3742(e) (prescribing appellate standards of review)).

We review Archuleta's preserved challenge for harmless error. See United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) (holding that one way Booker error is preserved is if the defendant argued Blakely below). For purposes of this opinion, we assume that Archuleta's sentence violated the Sixth Amendment despite his stipulation of the underlying facts to a preponderance of the evidence because he challenged the identity of the fact finder as well as the standard of proof.

See Booker, 125 S. Ct. at 748-49 (characterizing the Sixth Amendment violation as the determination by a judge, as opposed to a jury, of facts that increase a defendant's punishment under a mandatory Guideline regime); see also United States v. Huber, 404 F.3d 1047, 1063-64 (8th Cir. 2005) (noting that the defendant "at least has an argument under Apprendi" where the jury made its loss finding based on the preponderance of the evidence rather than beyond a reasonable doubt). Our review would be the same whether we were addressing a Sixth Amendment challenge or a challenge to the use of mandatory, as opposed to advisory, guidelines. See Pirani, 406 F.3d at 552-53 (noting the two distinct types of Booker error); United States v. Bassett, 406 F.3d 526, 527 (8th Cir. 2005) (applying harmless error review to conceded Sixth Amendment error). We note that at least one circuit remands without applying harmless error analysis if a case involves a Sixth Amendment error. See United States v. Akpan, 407 F.3d 360, 376 & n.55 (5th Cir. 2005) (noting divergent views between Sixth Circuit and D.C. Circuit). We, of course, will follow our circuit precedent and apply harmless error review to both types of Booker error.

Federal Rule of Criminal Procedure 52(a) dictates that "[a]ny error . . . that does not affect substantial rights must be disregarded." To establish that the sentencing error was harmless, the government must establish beyond a reasonable doubt that the error did not affect Archuleta's ultimate sentence. In other words, the government must establish beyond a reasonable doubt that the district court would not have sentenced Archuleta to a lower sentence had it correctly applied the post-Booker regime. See Neder v. United States, 527 U.S. 1, 15 (1999) (defining the test for whether a Sixth Amendment violation is harmless as "whether it appears 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained'") (quoting Chapman v. California, 386 U.S. 18, 24 (1967)); Bassett, 406 F.3d at 527 (concluding that "the Sixth Amendment error did not affect the ultimate sentence and was harmless beyond a reasonable doubt").

Under the post-Booker advisory system, the Federal Sentencing Act "requires a sentencing court to consider Guidelines ranges, but it permits the court to tailor the sentence in light of other statutory concerns as well." Booker, 125 S. Ct. at 757 (internal citations omitted). Although the district court refused to find the Guidelines unconstitutional, it gave Archuleta an alternative sentence, stating that "if the Guidelines are declared unconstitutional, as a whole, rather than simply those parts which may be severable under your theory, . . . I would be sentencing within the statutory limits. And it would be my intention to sentence at the same level at which I am going to be sentencing today if I were operating within the statutory limits." (Sent. Tr. at 6.) After calculating Archuleta's Guidelines range based on the stipulated facts, the district court explicitly referenced the non-guideline factors in § 3553(a), as well as Archuleta's acceptance of responsibility and the plea agreement, in setting his sentence. (Id. at 12.) The district court chose the bottom of the sentencing range in the belief that it would "serve the purposes of both [sic] general deterrence, specific deterrence, and an opportunity for the defendant to participate in appropriate programs within the Bureau of Prisons." (Id. at 13.)

Although the district court's alternative sentence presumed that the Guidelines as a whole were unconstitutional, the alternative sentence satisfies Booker's requirements. The district court calculated Archuleta's Guidelines range and then considered the other statutory factors in setting Archuleta's sentence. The court explicitly stated that it would have imposed the same sentence if not bound by the Guidelines, effectively treating them as advisory. Further, there is no evidence in this record to support a different sentence when consideration is given to the other statutory factors. Thus, the government has established beyond a reasonable doubt that Archuleta would not have received a lower sentence had the district court applied the sentencing regime required by Booker. See Bassett, 406 F.3d at 527 (holding that Sixth Amendment error in sentencing defendant based on enhancements not admitted or found by a jury was harmless where the district court announced an alternative sentence after considering all of the § 3553(a) factors); United States v. Marcussen,

403 F.3d 982, 985 (8th Cir. 2005) (holding that sentencing the defendant under mandatory Guidelines was harmless where the district court gave an alternate sentence and considered other § 3553(a) factors); United States v. Thompson, 403 F.3d 533, 535-36 (8th Cir. 2005) (same).

Post-Booker, we review a district court's sentence for reasonableness. See Booker, 125 S. Ct. at 765-66. While we have not yet held that a sentence within a correctly calculated Guideline range is reasonable per se, Archuleta has put forth no reason to establish that he should have been sentenced outside of that range. Considering the record as a whole, the § 3553(a) factors, and the district court's careful analysis, we believe that a 27-month sentence for mail fraud related to a scheme to defraud one's employer of nearly $1.5 million over a four-year period was reasonable.

During oral argument, Archuleta suggested that the enhancements to his sentence violated his due process rights because the enhancements increased his sentence to such an extent that the enhancements became the "tail which wags the dog of the substantive offense." McMillan v. Pennsylvania, 477 U.S. 79, 88 (1986) (upholding a state statute that set the mandatory minimum sentence for certain enumerated offenses at five years based on the judge's determination by a preponderance of the evidence that the defendant visibly possessed a gun in connection with the underlying offense). Because Archuleta raised this McMillan-type due process claim for the first time on appeal (indeed, at oral argument), we review the claim for plain error. See United States v. Hart, 397 F.3d 643, 647 (8th Cir. 2005) ("Under the plain error standard, we will only reverse obvious errors which affect a defendant's substantial rights and seriously affect the fairness, integrity, or public reputation of judicial proceedings." (citation and internal marks omitted)).

The Supreme Court recognized in McMillan that the constitutional protections of due process limit the government's ability to establish sentencing factors that

subject a defendant to a sentence wholly unrelated to the substantive offense of which he was convicted, but declined to define that limit. See McMillan, 477 U.S. at 87-88 (distinguishing Mullaney v. Wilbur, 421 U.S. 684, 700 (1975), where the defendant in Mullaney "faced 'a differential in sentencing ranging from a nominal fine to a mandatory life sentence.'"). Since Apprendi v. New Jersey, 530 U.S. 466 (2000), we have applied McMillan to cases where Guidelines sentencing factors were used to enhance a defendant's sentence but not beyond the statutory maximum as defined by the criminal statute of conviction. See, e.g., United States v. Anderson, 243 F.3d 478, 485-86 (8th Cir. 2001) (noting that McMillan-type due process violations are rare and upholding a 360-month sentence based on a relevant conduct enhancement that increased the defendant's unenhanced range of 235-293 months). Nothing in Booker changes the interpretation of McMillan in our post-Apprendi cases. Because the Guidelines are now advisory rather than mandatory, the criminal statute of conviction still provides "the maximum [penalty] authorized by the facts established by a plea of guilty or a jury verdict." Booker, 125 S. Ct. at 756. We review Archuleta's McMillan challenge to determine whether judge-found facts increased his sentence within the statutory range to such a degree as to have violated his right to due process.

The base offense level for mail fraud is a level six, which, when coupled with Archuleta's criminal history category of I, results in a range of zero to six months. See USSG § 2F1.1(a). After the adjustments were made to Archuleta's base offense level, he faced a sentencing range of 27 to 33 months and received a 27-month sentence. Archuleta still faced a statutory range of zero to five years. See 18 U.S.C. § 1341.[2] Thus, the 27-month sentence remained well within the statutory range (indeed less than half of the statutory maximum), and the increase from a zero-to-six-month range to 27 months is not such an increase that we would say the

---

[2]Congress increased the maximum statutory penalty for mail fraud from five to twenty years in 2002. See Sarbanes-Oxley Act of 2002, Pub. L. 107-204, § 903(a), 116 Stat 745, 804 ( 2002). The relevant statute is the 2000 version in effect at the time of Archuleta's offense.

enhancements were the tail that wagged the substantive offense. See Anderson, 243 F.3d at 485-86 (increase of at least 67 months did not raise due process concerns); United States v. Alvarez, 168 F.3d 1084, 1087-88 (8th Cir. 1999) (increase of at least 88 months did not raise due process concerns). Archuleta's due process claim therefore fails; there was no error, let alone plain error.

III.

The district court's judgment is affirmed.

_____