# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1054

_____

United States of America,     *
        *
     Appellee,     *
        *    Appeal from the United States
    v.         *    District Court for the
        *    Northern District of Iowa.
Basil Han,         *
        *       [UNPUBLISHED]
     Appellant.     *

_____

Submitted: July 21, 2005
Filed: July 26, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Basil Han (Han) pled guilty to conspiring to distribute human growth hormone for unauthorized use, in violation of 18 U.S.C. § 371. Over Han's objection under <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), the district court[1] applied a 12-level loss-amount enhancement under U.S.S.G. § 2B1.1(b)(1)(G), then granted a 3-level decrease for accepting responsibility, and after calculating a Guidelines imprisonment range of 18 to 24 months, sentenced Han to 24 months' imprisonment and 3 years'

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

supervised release. The court also stated it had considered all of the factors in 18 U.S.C. § 3553(a)(1)-(7), and imposed an alternative discretionary sentence of 24 months (with all other sentence conditions remaining the same), if the Guidelines were later found unconstitutional as a whole or in relation to the court's application in this case. On appeal, Han argues that the district court violated his Sixth Amendment rights by applying the loss-amount enhancement based on facts that were neither admitted by him nor proved to a jury.

Although application of the enhancement under a mandatory Guidelines system violated the Sixth Amendment, see United States v. Booker, 125 S. Ct. 738, 756 (2005), the error was harmless in the face of the alternative discretionary sentence, see United States v. Bassett, 406 F.3d 526, 527 (8th Cir. 2005) (per curiam) (imposition of enhancement based on facts neither admitted by defendant nor proven to jury, in violation of Sixth Amendment, was harmless where district court imposed alternative identical sentence based on use of its discretion after consideration of § 3553(a) factors).

Accordingly, we affirm.

_____