# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4082

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Quillin Porter, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 15, 2005
Filed: August 8, 2005

_____

Before MELLOY, COLLOTON, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Quillin Porter pled guilty to three counts of mail fraud and was sentenced to 21 months' imprisonment, payment of $90,000 of restitution, and a three-year term of supervised release. He appeals his sentence and the special conditions of supervised release. We vacate the judgment and remand for resentencing in light of *United States v. Booker*, 125 S. Ct. 738 (2005).

I.

A federal grand jury indicted Porter, alleging that he had devised a scheme to defraud several individuals and had mailed false written statements and caused $80,000 in checks to be mailed as part of his fraudulent scheme. According to the indictment, Porter represented that he would invest the money he received, but instead used the money for his own benefit and to perpetuate his fraudulent scheme by repaying other individuals.

Porter pled guilty to all three counts of the indictment. The district court accepted the plea, and the United States Probation Office prepared a presentence investigation report ("PSR"). The PSR recommended a base offense level of six under the United States Sentencing Guidelines, but also found that an eight-level enhancement was appropriate, because Porter had caused an amount of loss that was more than $70,000 but less than $120,000. *See* USSG § 2B1.1(b)(1)(E). The PSR also recommended a decrease of two levels for acceptance of responsibility, and a criminal history category of III, with a resulting sentencing range of 15-21 months.

Porter objected to the PSR, arguing that the Supreme Court's decision in *Blakely v. Washington,* 124 S. Ct. 2531 (2004), precluded the eight-level enhancement for amount of loss, because Porter had not admitted, and a jury had not found beyond a reasonable doubt, facts supporting the enhancement. The district court overruled the objection and adopted the recommendation of the PSR. The court imposed a sentence of 21 months' imprisonment for each count, to run concurrently, and further imposed an identical alternative sentence, "if *Blakely* would apply." (S. Tr. at 7). Over Porter's objection, the court also required restitution in the amount of $80,000 to Abigail Edgeworth-Coggins and $10,000 to three other named victims. Further, the district court imposed a three-year term of supervised release, requiring, among other conditions, that Porter spend six months in community confinement, and that he not consume or possess alcoholic beverages at any time while under

supervision. Porter objected to the special condition prohibiting alcohol use, but the district court overruled his objection.

On appeal, Porter renews his objection to the special condition prohibiting alcohol possession, raises an additional objection to the condition of community confinement, and also argues that his term of imprisonment and restitution were imposed in violation of the Sixth Amendment.

II.

A.

In *Booker*, the Supreme Court held that application of the mandatory sentencing guidelines violated the Sixth Amendment where a district court made findings of fact (other than a prior conviction) that increased the maximum sentence authorized under the mandatory guidelines based on facts admitted by the defendant or found by a jury beyond a reasonable doubt. As a remedy, the court declared the guidelines "effectively advisory" in all cases. 125 S. Ct. at 757.

In this case, Porter argues that his sentence involved a violation of the Sixth Amendment because the district court applied an enhancement based on its finding that the amount of loss was over $70,000. The government argues that Porter admitted the relevant facts by pleading guilty to an indictment that alleged receipt of $80,000 through the mail, but Porter counters that calculation of the "amount of loss" required findings beyond what he admitted. We agree with Porter that the district court's calculation of the loss amount required implicit resolution of factual questions not resolved by Porter's admissions. Under the guidelines, for example, the amount of loss is the greater of the actual or intended loss, and it must be reduced by any amount returned to the victim before the offense was detected. USSG § 2B1.1, comment. (n. 3(A) & (E)(i)). Porter objected to the loss amount recommended in the

presentence report, and argued at sentencing that the amount of loss should be reduced based on amounts allegedly returned to the victims. The district court's implicit finding that the government met its burden to show that a reduction was not warranted constituted a finding of a fact not admitted by Porter.

We have considered whether the district court's imposition of an identical alternative sentence "as if *Blakely* would apply" obviates the need for a remand. In some circumstances, an alternative sentence can render a *Booker* error harmless. *See, e.g., United States v. Bassett*, 406 F.3d 526, 527 (8th Cir. 2005) (per curiam). Or perhaps more precisely, an alternative sentence can demonstrate that the district court's imposition of sentence involved no error at all, because in one of the alternatives, the sentence was imposed consistent with *Booker*.

In this case, however, the district court's explanation of its alternative sentence – "as if *Blakely* would apply" – is too cryptic to conclude that the court's alternative sentence was imposed consistent with *Booker*. We cannot say that the court contemplated an advisory guidelines system under which it was required to consider the advisory guideline range as one factor among others listed in 18 U.S.C. § 3553(a). *Cf. Bassett*, 406 F.3d at 527 (upholding alternative sentence where district court stated it had considered all of the factors set forth at 18 U.S.C. § 3553(a)); *United States v. Archuleta*, 412 F.3d 1003, 1006 (8th Cir. 2005) (same). Before *Booker*, for example, some judges thought applying *Blakely* to the guidelines meant that the defendant should be sentenced under the mandatory guidelines without enhancements that were based on judicial fact-finding. *Cf. Booker*, 125 S. Ct. at 779 (Stevens, J., dissenting). We therefore conclude that the alternative sentence as formulated in this case is not a sufficient basis to uphold the term of imprisonment, and the government advances no other argument why the *Booker* error should be deemed harmless beyond a reasonable doubt. We therefore conclude that resentencing is required.

B.

Porter makes a related argument that the district court's restitution order violated the Sixth Amendment because the restitution amount – $90,000 – exceeded any amount of loss admitted by Porter. Because the restitution statute includes no "statutory maximum," however, we reject Porter's constitutional challenge to the restitution order. *United States v. May*, No. 03-3108, 2005 WL 1630942, at *7 (8th Cir. July 13, 2005); *accord United States v. Swanson,* 394 F.3d 520, 526 (7th Cir. 2005); *United States v. DeGeorge*, 380 F.3d 1203, 1221 (9th Cir. 2004); *United States v. Wooten*, 377 F.3d 1134, 1144 n.1 (10th Cir. 2004).

Porter further argues that the district court's factual findings in support of the restitution order were clearly erroneous because the evidence was insufficient to support the government's alleged $90,000 restitution. The PSR recommended, and the restitution order allocated, $80,000 to Abigail Edgeworth-Coggins, the victim whose two checks were described in the indictment, and a total of $10,000 to three other named victims. After Porter objected to the PSR's factual findings regarding the total loss caused by his scheme, the government presented the declaration of Jonathan D. Coggins, Abigail Edgeworth-Coggins's husband, who stated that he sent the $80,000 on behalf of his wife, and that no amount was ever returned. The government also made an offer of proof at sentencing, indicating that an agent from the Federal Bureau of Investigation was available to testify that he had spoken with the other three victims and confirmed that they had lost the amounts set forth in the PSR. The court received the Coggins declaration, but overruled Porter's objection without hearing the testimony of the FBI agent.

We are satisfied that there is no clear error in the district court's finding regarding the $80,000 loss incurred by Abigail Edgeworth-Coggins. Mr. Coggins's statement indicates that he had firsthand knowledge of the family's financial transactions, and the court was entitled to give weight to his declaration regarding the

-5-

amount lost by his wife.  As to the $10,000 loss alleged to have been suffered by the three other victims, the FBI agent's testimony, had it been admitted and supported by a satisfactory explanation of how the agent acquired and verified his knowledge about the loss amounts, could have been sufficient to support this finding.  Restitution in a mail fraud case may be ordered to any victim who is directly harmed "in the course of the scheme," *see United States v. Ramirez,* 196 F.3d 895, 899 (8th Cir. 1999) (quoting 18 U.S.C. § 3663(a)(2)) (emphasis omitted)*,* and the three victims all were named in the indictment's description of Porter's fraudulent scheme.  We agree with Porter, however, that the finding may not rest on objected-to facts in the PSR. *United States v. Searing*, 250 F.3d 665, 667 (8th Cir. 2001).  At Porter's resentencing, the court should permit the government to introduce evidence in support of the loss, and then determine whether the evidence is sufficient to justify the full amount of the proposed restitution.

C.

Porter also argues that the district court erred in imposing two special conditions of supervised release.  One condition, to which Porter objected, prohibits him from consuming or possessing alcoholic beverages during his release.  The other, to which Porter did not object, requires that he reside for six months in a community confinement facility.

A sentencing court may order conditions of supervised release beyond those mandated by statute, if the special conditions are "reasonably related" to factors set forth in § 3553, "involve[] no greater deprivation of liberty than is reasonably necessary for the purposes set forth" in § 3553(a), and are consistent with the Sentencing Commission's policy statements.  18 U.S.C. § 3583(d).  We review the imposition of such conditions for abuse of discretion.  Our court has found that a prohibition on alcohol consumption was an abuse of discretion where there was no evidence and no district court findings that alcohol in any way contributed to the

defendant's crime or that the defendant was in need of substance abuse rehabilitation. *United States v. Prendergast*, 979 F.2d 1289, 1293 (8th Cir. 1992). On the other hand, we upheld a similar condition when applied to a defendant who at times consumed large amounts of alcohol and had a propensity towards violence and mental instability. *United States v. Cooper*, 171 F.3d 582, 586 (8th Cir. 1999).

Here, the district court did not make specific findings regarding past use of alcohol, or the relationship between a prohibition on alcohol use and "the goals of rehabilitation and prevention." *Id.* Porter's presentence report was ambiguous on these points, noting both that Porter "has no documented history of alcohol-related criminal behavior" but also that he is alleged to have appeared at a United States Probation Office for a meeting with a blood-alcohol content of .101 percent. (PSR ¶ 47.) The record regarding the condition of community confinement is similarly sparse (perhaps not surprisingly, since Porter did not object). Community confinement is a potential condition contemplated by the statute, 18 U.S.C. § 3563(b)(11); *United States v. Griner*, 358 F.3d 979, 982 (8th Cir. 2004), but the record does not include an explanation of why this condition was appropriate in Porter's case under the standards of § 3583(d). The state of the record makes it difficult for us to review the propriety of these two conditions.

Because the case must be remanded for resentencing under *Booker*, we decline to decide on this record whether the disputed conditions of supervised release are permissible. To facilitate any future appellate review that may be required, we respectfully suggest that the district court, at resentencing, state clearly on the record its reasons for imposing any disputed special conditions of supervised release.

\*       \*       \*

For the foregoing reasons, we vacate Porter's sentence and remand for resentencing consistent with this opinion.

_____