# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-3906

_____

United States of America,       *
                                         *

           Appellee,         *

                                         *    Appeal from the United States

       v.                         *    District Court for the

                                         *    Northern District of Iowa.

Lisa Brandt,                    *
                                         *

           Appellant.       *

_____

Submitted: June 21, 2005
Filed: August 19, 2005

_____

Before RILEY, BOWMAN, and BENTON, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Lisa Brandt, now known as Lisa Vinton, appeals from the sentence imposed by the District Court[1] after she pleaded guilty to making a false material declaration before the federal grand jury (i.e., perjury). See 18 U.S.C. § 1623(a) (2000). We affirm.

Brandt appeared before a federal grand jury and gave false testimony in the government's presentation of evidence regarding a conspiracy to distribute

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

methamphetamine. Her false testimony concerned her actions at the behest of the conspiracy's ring leader, Vincent Deherrerea, in removing a half-pound package of methamphetamine from Deherrerea's home. Brandt told the grand jury she had removed the package at the request of Deherrerea's wife rather than at the request of Deherrerea, apparently in an attempt to minimize Deherrerea's role in her actions. After Brandt was charged with perjury and pleaded guilty, the District Court calculated a guidelines sentencing range of forty-one to fifty-one months. This calculation required the cross-referencing of provisions regarding Brandt's perjury offense with provisions regarding the offense of conspiracy to distribute methamphetamine. See U.S. Sentencing Guidelines Manual §§ 2J1.3, 2X3.1 (2003). The District Court then sentenced Brandt to the high end of the range, fifty-one months.

Brandt first claims the cross-referencing of provisions and the fact-finding involved in calculating her guidelines sentencing range violated the Sixth Amendment under the Supreme Court's holding in Blakely v. Washington, 542 U.S. 296 (2004) (holding that the Washington state sentencing regime violated the Sixth Amendment by permitting the use of judge-found facts to increase a defendant's sentence beyond the range authorized by facts admitted by the defendant or reflected by a jury's verdict). Because Brandt first raised her Blakely claim in the District Court, she preserved her claim for review on appeal and we construe it as a challenge to her sentence under the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738, 755 (2005) (extending the logic of Blakely to the United States Sentencing Guidelines); see United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) (stating that a Blakely claim made in the district court preserves a Booker claim for review on appeal). We need not decide whether the District Court's application of the guidelines violated Brandt's rights under the Sixth Amendment or amounted only to Booker error not implicating the Sixth Amendment, because either way the preservation of her claim for review on appeal triggers our review for harmless error. See United States v. Archuleta, 412 F.3d 1003, 1006 (8th Cir. 2005) ("We, of course,

will follow our circuit precedent and apply harmless error review to both types of Booker error."); United States v. Bassett, 406 F.3d 526, 527 (8th Cir. 2005) (per curiam) (reviewing for harmless error a preserved Booker challenge to a sentence based on enhancements that violated the Sixth Amendment).

Anticipating the Supreme Court's subsequent decision in Booker, the District Court announced an alternative and identical sentence of fifty-one months based on the court's consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a)(1)–(7) (2000). The alternative sentence was to be imposed if the guidelines were held unconstitutional "as a whole or in relation to the Court's application of the Sentencing Guidelines in this case." Sent. Tr. at 28. The District Court obviously considered the guidelines in fashioning the alternative sentence, as federal courts must in sentencing convicted defendants post-Booker, see 125 S. Ct. at 757. Thus, any Booker error that occurred "did not affect the ultimate sentence and was harmless beyond a reasonable doubt." Bassett, 406 F.3d at 527. Further, the District Court correctly applied the guidelines, and the sentence imposed is reasonable in light of the statutory sentencing factors on which it is based.

Brandt next challenges the District Court's denial of a sentencing reduction for acceptance of responsibility. See U.S. Sentencing Guidelines Manual § 3E1.1 (2003). We review the District Court's decision regarding a § 3E1.1 reduction for clear error, giving that decision great deference. United States v. Bell, 411 F.3d 960, 963 (8th Cir. 2005) (quoting U.S. Sentencing Guidelines Manual § 3E1.1, cmt. n.5 (2003)). A consideration for the District Court in determining whether to grant the reduction was whether Brandt made a "voluntary termination or withdrawal from criminal conduct." U.S. Sentencing Guidelines Manual § 3E1.1, cmt. n.1(b) (2003). Brandt committed several violations of her conditions of presentencing release, including two failed drug tests, and when placed in jail as a result of those violations, she was found to be in possession of marijuana. When questioned under oath about the marijuana at sentencing, Brandt gave testimony the District Court found was

untruthful, thus again manifesting the same sort of conduct as the conduct to which she had pleaded guilty. In these circumstances, it was not clear error for the District Court to deny Brandt a sentencing reduction for acceptance of responsibility.

We affirm.

_____