# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3242

_____

United States of America,

    Appellee,

  v.

Marzell Deshond Turnbough,

    Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court, District of
Minnesota.

_____

Submitted: September 16, 2005
Filed: October 11, 2005

_____

Before MURPHY, BRIGHT, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

  Marzell Deshond Turnbough ("Turnbough") pled guilty to one count of knowingly and intentionally distributing five grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The district court sentenced him to 110 months' imprisonment and 5 years' supervised release. Turnbough appeals his sentence on the ground that the district court erred in finding one of his prior convictions to be a crime of violence for purposes of the Sentencing Guidelines and on the ground that he should be resentenced in light of

*United States v. Booker*, 125 S. Ct. 738 (2005). For the reasons discussed below, we vacate Turnbough's sentence and remand to the district court for resentencing.

## I. BACKGROUND

By statute, Turnbough's guilty plea to one count of distribution of five grams or more of cocaine base carries a mandatory minimum sentence of 60 months and a maximum sentence of 480 months. 21 U.S.C. § 841(b)(1)(B). As part of his plea agreement, Turnbough agreed to be sentenced according to the United States Sentencing Guidelines. The presentence report calculated his guidelines sentencing range to be 188-235 months.

Prior to his pre-*Booker* sentencing hearing, Turnbough raised *Blakely v. Washington*, 542 U.S. 296 (2004), to argue that a jury must determine whether his prior conviction for escape was a crime of violence for purposes of his career-offender status under U.S.S.G. § 4B1.1. At the sentencing hearing, the district court overruled this objection and found Turnbough to be a career offender. The district court also denied his motion for a downward departure for overstated criminal history under U.S.S.G. § 4A1.3, but granted the Government's motion for a downward departure for substantial assistance under § 5K1.1. Applying the guidelines in a mandatory fashion, the district court imposed a sentence of 110 months' imprisonment.

## II. DISCUSSION

On appeal, Turnbough first challenges his status as a career offender under U.S.S.G. § 4B1.1. We review the district court's interpretation and application of the guidelines de novo and its findings of fact for clear error. *United States v. Mashek*, 406 F.3d 1012, 1016-17 (8th Cir. 2005).

"A defendant is a career offender if . . . the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense [and] the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Turnbough challenges only one of his felony convictions upon which the district court relied: a 1995 conviction for escape.[1]

Turnbough does not dispute that his conviction for escape qualifies as a crime of violence, *see United States v. Nation*, 243 F.3d 467, 472 (8th Cir. 2001) (categorizing all walkaway escapes as crimes of violence), but instead argues that *Booker* requires that a jury determine beyond a reasonable doubt whether his prior conviction may be categorized as a crime of violence. We have consistently rejected the applicability of *Booker* to the legal determination of whether a prior conviction may be categorized as a crime of violence. *See, e.g.*, *United States v. Marcussen*, 403 F.3d 982, 984 (8th Cir. 2005). The categorization of an offense as a crime of violence is a legal question outside the purview of the Sixth Amendment. *United States v. Camp*, 410 F.3d 1042, 1047 (8th Cir. 2005). The sentencing court has the duty to take notice of a defendant's criminal history and, as a matter of law, determine whether any prior conviction is properly categorized as a crime of violence. *Marcussen*, 403 F.3d at 984. Accordingly, the district court properly found facts relating to Turnbough's criminal history and properly categorized his walkaway escape as a crime of violence. *Nation*, 243 F.3d at 472.

Turnbough then argues that his sentence, pronounced under a mandatory application of the Sentencing Guidelines, is erroneous under *Booker*. Turnbough preserved this issue by making a *Blakely* objection prior to his sentencing hearing. *United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005) (en banc), *cert. denied*, No.

---

[1] Turnbough fled from custody after having signed out as part of a volunteer work crew.

05-5547 (U.S. Oct. 3, 2005). Therefore, we review his sentence for harmless error. *Id.* at 548-49.

As the beneficiary of a non-constitutional *Booker* error, "[t]he government is required to establish that we do not have 'grave doubt' as to whether the error substantially influenced the outcome of the proceedings." *United States v. Mendoza-Mesa*, 421 F.3d 671, 673 (8th Cir. 2005) (citation omitted). Although it is a close call, we do not believe the Government satisfied its burden in this case. *See United States v. Love*, 419 F.3d 825, 829 (8th Cir. 2005) ("Just as we decline to speculate in the defendant's favor when conducting plain error review under *Booker*, we likewise decline to speculate in the government's favor when conducting harmless error review.") (citation omitted).

The Government first contends that the district court complied with *Booker* by granting the § 5K1.1 motion and departing downward to only 110 months when it knew it could depart to as few as 60 months. *Cf. United States v. Sayre*, 400 F.3d 599, 601 (8th Cir. 2005) (recognizing the futility of remanding a sentence for the application of advisory guidelines where the district court had previously departed upward); *United States v. Brooks*, 417 F.3d 982, 985 (8th Cir. 2005) (holding *Booker* error harmless because the defendant was sentenced in the middle of his guidelines range). We agree with the Eleventh Circuit, however, that granting a § 5K1.1 motion does not render a *Booker* error harmless because a sentencing court is limited by the factors identified in § 5K1.1 when determining the extent of the downward departure. *United States v. Davis*, 407 F.3d 1269, 1271 (11th Cir. 2005); *see also United States v. Pepper*, 412 F.3d 995, 998 (8th Cir. 2005) ("[T]he extent of a downward departure made pursuant to § 5K1.1 can be based only on assistance-related considerations.").

The Government also argues that any *Booker* error was harmless because the district court, in determining the extent of the § 5K1.1 departure, considered

Turnbough's criminal history,[2] an 18 U.S.C. § 3553(a) factor not identified in § 5K1.1. The Government contends that the district court's explicit consideration of this § 3553(a) factor demonstrates that the district court considered many § 3553(a) factors. *See Booker*, 125 S. Ct. at 764-65 (holding that district courts must sentence in accordance with the § 3553(a) factors). While consideration of factors beyond those identified in § 5K1.1 is improper in assessing the extent of a § 5K1.1 departure, *Pepper*, 412 F.3d at 998, we are not convinced that the district court's improper consideration of Turnbough's criminal history in departing under § 5K1.1 proves that the district court would have imposed the same sentence if it had been free to consider the full range of § 3553(a) factors. *Cf. United States v. Bassett*, 406 F.3d 526, 527 (8th Cir. 2005) (per curiam) (holding that *Booker* error was harmless because sentencing court announced an identical alternative sentence based on "the use of its discretion after 'considering *all* of the factors set forth at 18 U.S.C.§ 3553(a)'") (emphasis added). Therefore, we hold that the Government has not carried its burden. *See, e.g.*, *United States v. Storer*, 413 F.3d 918, 923 (8th Cir. 2005) (holding that a *Booker* error was not harmless because the Government failed to point to anything in the record that showed the district court would have imposed the same sentence under an advisory system).

Accordingly, we vacate Turnbough's sentence and remand to the district court for resentencing. However, nothing in this opinion should be construed as an indication that we think a more lenient sentence is necessary. Based on the record before us, we simply decline to speculate that the district court would have imposed the same sentence under an advisory guidelines scheme considering the full range of § 3553(a) factors.

---

[2] At Turnbough's sentencing hearing, the district court explained: "[I]n determining the extent of the downward departure, I admit to being influenced by the fact that this criminal history is a bit light on the grand scheme of criminal career offenders. I'm taking that into account."

## III.  CONCLUSION

For the reasons set forth above, we vacate Turnbough's sentence and remand to the district court for resentencing under an advisory guidelines regime.

_____