**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4978**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEON J. WEBB,

Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., District Judge.  (CR-04-12)

---

Submitted:  October 21, 2005          Decided:  November 14, 2005

---

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, David J. Perri, Robert H. McWilliams, Jr., Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Deon J. Webb appeals from his 115-month sentence entered after a jury found Webb guilty of possession of a firearm by a convicted felon. On appeal, Webb asserts that his sentence violated United States v. Booker, 125 S. Ct. 738 (2005). In addition, he asserts that, on remand, the Booker remedial scheme should not be applied because it violates due process and the Ex Post Facto Clause. We affirm.

Webb contends that an enhancement to his sentence based on the district court's finding that the firearm was used in connection with another felony violated the Sixth Amendment under Booker. Because Webb preserved this issue by objecting below, we review de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003). When a defendant preserves a Sixth Amendment error, we "must reverse unless [we] find this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." Id.

The Government admits that there was a Sixth Amendment violation in this case since Webb's sentence was enhanced by a fact not found by the jury. Without the improper enhancement, the upper end of Webb's guideline range would have been more than a year less than the sentence he received. However, the district court imposed an identical, alternative sentence under 18 U.S.C. § 3553(a) (2000), in the event the guidelines were found to be

unconstitutional.  Because the district court explicitly stated that it would have imposed the same sentence even under an advisory guideline system, the Sixth Amendment error was harmless.  See United States v. Bassett, 406 F.3d 526, 527 (8th Cir. 2005).

Webb's remaining issue concerns the proper procedure to be applied at his resentencing.  However, since there was no reversible error, this claim is moot.[*]  Accordingly, we affirm Webb's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]To the extent Webb's due process and ex post facto arguments could be construed to affect the Sixth Amendment error analysis, we find them without merit.  See United States v. Duncan, 400 F.3d 1297, 1306-08 (11th Cir. 2005), cert. denied, 2005 WL 2493971 (U.S. Oct. 11, 2005) (No. 05-5467).