# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3143

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Leo William Anderson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  November 4, 2005
Filed:  November 17, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Leo William Anderson (Anderson) appeals the sentence imposed by the district court upon his guilty plea to conspiring with others to distribute at least 50 grams of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Anderson objected to a role enhancement, arguing Blakely v. Washington, 542 U.S. 296 (2004), required the role enhancement be based on a jury's factual determination.  The district court overruled the objection, finding Blakely did not affect the Guidelines; calculated a Guidelines imprisonment range of 262 to 327 months (which included a role enhancement); and pronounced an initial sentence of 262 months in prison.  Upon the government's substantial-assistance motion, the

court stated 52 months was an appropriate reduction, and reduced the sentence to 210 months' imprisonment and 5 years' supervised release. On appeal, Anderson renews his <u>Blakely</u> argument.

The district court sentenced Anderson under a mandatory Guidelines system. This was error under <u>United States v. Booker</u>, 125 S. Ct. 738, 756-57 (2005), and Anderson preserved the error, <u>see</u> <u>United States v. Pirani</u>, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) (<u>Booker</u> error preserved by, *inter alia*, raising <u>Blakely</u>), <u>cert. denied</u>, 126 S. Ct. 266 (2005). Thus, we review for harmless error. <u>See</u> <u>United States v. Archuleta</u>, 412 F.3d 1003, 1005-06 (8th Cir. 2005). The government has the burden to prove the error was harmless, and must show the error did not affect Anderson's substantial rights–i.e., the district court would have imposed the same sentence under advisory Guidelines. <u>See</u> <u>id.</u> at 1006-07.

The government fails to convince us the error was harmless. Anderson was initially sentenced at the bottom of the Guidelines range, and the government has pointed to nothing in the record that shows the district court would have imposed the same sentence under an advisory Guidelines scheme. <u>See</u> <u>United States v. Haidley</u>, 400 F.3d 642, 644-45 (8th Cir. 2005) (holding not harmless district court's error in imposing sentence under mandatory Guidelines scheme where court sentenced defendant to bottom of Guidelines range and record did not allow appeals court to "say with any confidence" that sentence would have been same if district court had treated Guidelines as advisory).[1] Accordingly, we remand for resentencing.

_____

---

[1]The departure for substantial assistance did not render the <u>Booker</u> error harmless. <u>See</u> <u>United States v. Turnbough</u>, 425 F.3d 1112, 1115 (8th Cir. 2005) (granting substantial-assistance motion does not render <u>Booker</u> error harmless).