# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3101

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| John A. Schafer, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: May 11, 2005
Filed: November 25, 2005

_____

Before LOKEN, Chief Judge, BEAM and MELLOY, Circuit Judges.

_____

LOKEN, Chief Judge.

John A. Schafer pleaded guilty to three child pornography offenses in violation of 18 U.S.C. §§ 2252(a)(1), (2), and (4). Two months after the Supreme Court's decision in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), the district court[1] sentenced Schafer to 137 months in prison. Applying U.S.S.G. § 5G1.3(c) (2002),[2]

---

[1]The HONORABLE NANETTE K. LAUGHREY, United States District Judge for the Western District of Missouri.

[2]Unless otherwise noted, all citations are to the Guidelines provisions in effect on November 1, 2002, when Schafer committed the offenses.

the court ordered that the federal sentence run consecutively to Schafer's undischarged state sentence for numerous child abuse offenses.  Schafer raised a <u>Blakely</u> objection at sentencing.  In response, the district court imposed a higher alternative consecutive sentence -- 180 months in prison -- in the event the Guidelines were held unconstitutional.  Schafer appeals, arguing that the district court incorrectly applied U.S.S.G. § 5G1.3 by imposing a consecutive federal sentence and violated his Fifth and Sixth Amendment rights under <u>Blakely</u>.  We analyze the latter contention under the Supreme Court's subsequent decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).  We affirm.

## I.  The § 5G1.3 Issue.

Schafer's federal charges grew out of an investigation that included an interview in which he admitted being a pedophile and collecting child pornography for thirty years, and a warrant search that yielded at least 1,825 computer images of child pornography, some involving bondage and bestiality, and videotapes and slides depicting Schafer having sexual relations with and sodomizing four young victims. Based on the tapes and slides, Schafer was also charged with rape, incest, sodomy, and child abuse in a 53-count state court indictment.  After Schafer's federal guilty plea, his April 2004 presentence investigation report cited this conduct, plus evidence that he had sexually molested at least eight other children over a long period of time, in recommending a five-level enhancement for "a pattern of activity involving the sexual abuse or exploitation of a minor."  U.S.S.G. § 2G2.2(b)(4).  Some time later, Schafer pleaded guilty to 31 of the state court charges.

Two weeks before Schafer's August 2004 sentencing hearing, the state court sentenced him to life plus seven years in prison for the child abuse offenses.  At his federal sentencing, he argued that the state offenses were relevant conduct to the federal offenses and therefore a concurrent federal sentence is mandated by U.S.S.G. § 5G1.3(b):

> If . . . the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term . . . .

The government argued that subsection (b) does not apply because the five-level enhancement in § 2G2.2(b)(4) is warranted by Schafer's abuse of children other than the victims of the state offenses. Therefore, under § 5G1.3(c), "the sentence . . . may be imposed to run . . . consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."

The district court found that the five-level enhancement applies without taking the state offenses into account. The court departed upward and imposed a 137-month sentence to run consecutively to the undischarged state court sentence. On appeal, Schafer challenges the consecutive sentencing. The underlying facts are not at issue. We review the district court's interpretation and application of § 5G1.3 de novo. United States v. Lincoln, 408 F.3d 522, 526 (8th Cir. 2005).

The 2002 version of § 5G1.3(b) mandated a concurrent federal sentence if the offenses underlying an undischarged state sentence were "fully taken into account" in determining the federal sentence. The phrase "fully taken into account" triggered a perceived conflict among two of our sister circuits. In United States v. Fuentes, 107 F.3d 1515, 1524 (11th Cir. 1997), the court concluded that § 5G1.3(b) requires a concurrent sentence "when a defendant is serving an undischarged sentence resulting from conduct that is required to be considered in a subsequent sentencing proceeding as relevant conduct pursuant to section 1B1.3." In United States v. Williams, 260 F.3d 160, 167 (2d Cir. 2001), on the other hand, the court held that, even if prior offense conduct "might technically qualify as 'relevant conduct' in a federal prosecution, a defendant cannot enjoy the benefits of section 5G1.3(b) unless the district court *in fact* incorporated his prior offense as relevant conduct." We have not had occasion to consider these seemingly disparate interpretations.

At the outset, we note that this conflict may be more apparent than real, at least as applied to this case. In <u>Fuentes</u>, 107 F.3d at 1524-26, the court explained that the grouping rules in § 3D1.2(d) must be applied to determine whether a separate state offense is relevant conduct under § 1B1.3(a)(2) and therefore has been "fully taken into account" in the federal sentence. This is a logical linkage because § 5G1.3(b), like the grouping rules in § 3D1.2, "operates to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence." <u>Witte v. United States</u>, 515 U.S. 389, 405 (1995). Here, the offense level for Schafer's child pornography offenses is determined under § 2G2.2, which is a guideline subject to grouping under § 3D1.2(d). But his state child abuse offenses, if sentenced under the federal Guidelines, would fall under Part 2A3, which governs offenses "specifically excluded" from grouping under § 3D1.2(d). Thus, even under the <u>Fuentes</u> analysis, it appears that § 5G1.3(b) does not apply in this case and therefore the district court had discretion to impose consecutive sentences.

In any event, the Sentencing Commission addressed this apparent circuit conflict in November 2003 by amending § 5G1.3(b) to provide that concurrent sentencing is required *only if* the undischarged term of imprisonment "resulted from another offense that is relevant conduct to the instant offense of conviction . . . *and that was the basis for an increase in the offense level for the instant offense."* (Emphasis added.) The Commission described this as a clarifying amendment. <u>See</u> U.S.S.G. App. C, Vol. II, amendment 660. Assisted by this clarification, we conclude that the Second Circuit in <u>Williams</u> correctly interpreted the term "fully taken into account" in the 2002 version of § 5G1.3(b). Here, as in <u>United States v. Terry</u>, 305 F.3d 818, 825-26 (8th Cir. 2002), the district court did not base the five-level enhancement under § 2G2.2(b)(4) on either the state court conviction or the offense conduct underlying that conviction. Therefore, the court correctly concluded that it had discretion under § 5G1.3(c) to impose a consecutive federal sentence.

## II. The <u>Booker</u> Issue.

The district court's primary sentence assumed that the Guidelines were mandatory and included fact-based enhancements under U.S.S.G. § 2G2.2(b). The court overruled Schafer's objection based on <u>Blakely</u>. In this circuit, when the defendant has preserved a claim of <u>Booker</u> error by arguing <u>Blakely</u> to the district court, we review the claim for harmless error whether "addressing a Sixth Amendment challenge or a challenge to the use of mandatory, as opposed to advisory, guidelines." <u>United States v. Archuleta</u>, 412 F.3d 1003, 1005-06 (8th Cir. 2005). Schafer argues the error was not harmless. We agree there was understandable <u>Booker</u> error but conclude it was harmless.

In response to Schafer's <u>Blakely</u> objection, the district court imposed an alternative sentence in the event the Guidelines were declared unconstitutional. In some cases, an alternative sentence -- even an identical alternative sentence -- "can render a *Booker* error harmless." <u>United States v. Porter</u>, 417 F.3d 914, 917 (8th Cir. 2005), citing <u>United States v. Bassett</u>, 406 F.3d 526, 527 (8th Cir. 2005). Here, of course, the alternative sentence was not identical. Instead, freed of Guidelines constraints, the court imposed a consecutive federal sentence equal to the highest statutory maximum penalty applicable to the three counts of conviction, 180 months.

The burden of proving an error harmless is on the beneficiary of the error. The government's brief, filed prior to <u>Booker</u>, urged us to affirm the district court's primary 137-month consecutive sentence. But at oral argument, the government refused to argue that any <u>Booker</u> error was harmless. The reason for these contradictory positions is apparent -- the government urged the district court at sentencing to depart upward to the statutory maximum of 180 months and no doubt is confident that the district court would now impose its alternative 180-month sentence if we remand for resentencing under <u>Booker</u>. But the government may not

obtain relief for Booker error; it did not cross appeal. Therefore, we disregard its tactical decision to eschew reliance on the harmless error principle.

After careful review of the sentencing record, we conclude that the Booker error was harmless beyond a reasonable doubt.[3] The issue is whether Schafer would have received a more favorable sentence had the district court sentenced him under the advisory Guidelines regime mandated by Booker. In determining the 137-month sentence, the court first granted an upward departure to offense level 28 and criminal history category IV, based upon Schafer's extensive pattern of abusing children, the large number of visual depictions seized, and his understated criminal history. The court then imposed a sentence at the top of the resulting range (110-137 months) to run consecutively to Schafer's state sentence of life plus seven years. In imposing the 180-month alternative sentence, the court noted that the 59-year-old Schafer may be eligible for state parole in as little as thirteen years and explained:

> [I]n the absence of the guidelines . . . you sentence the person. Is this something that you think is, in fact, a continuing threat to the community and will be, regardless of how much rehabilitation is provided and how much incarceration is imposed. And I believe that the defendant is such a threat. . . . [G]iven that evidence, I am reluctant to permit any possibility that this defendant will, in fact, ever be in a position to abuse children again. . . . So this is just an insurance policy to make sure that if, in fact, the State chooses to let him out that the federal government will make sure that he is restrained.

This sentencing record contains nothing to suggest that Schafer would have received a more favorable sentence had the district court anticipated Booker's

---

[3]This is the harmless error standard we apply to Sixth Amendment Booker violations. See Archuleta, 412 F.3d at 1006. Absent a Booker error of constitutional magnitude, we apply the less rigorous "no grave doubt" standard. See United States v. Bruce, 413 F.3d 784, 785 (8th Cir. 2005).

advisory guidelines regime. The court correctly applied the mandatory Guidelines, imposing a substantial upward departure and a discretionary consecutive sentence. The 137-month consecutive sentence was not unreasonable given Schafer's decades of abuse of his children, his grandchildren, and others; his extensive collection of child and adult pornography; and evidence that he distributed child pornography on the Internet. Finally, the court's detailed explanation of its alternative sentence demonstrates that it considered the sentencing factors enumerated in 18 U.S.C. § 3553(a). In these circumstances, the <u>Booker</u> error was harmless.

The judgment of the district court dated August 19, 2004, is affirmed, except that the court is directed to delete the second and third paragraphs of the Imprisonment section of the judgment form, which reflect the alternative sentence. We affirm the 137-month sentence as stated in the first paragraph of that section.

_____