# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2865

———————

United States of America,                    *
                                             *
       Plaintiff - Appellee,              *
                                             *    Appeal from the United States
    v.                                 *    District Court for the Eastern District
                                             *    of Missouri.
Jon R. White,                                *
                                             *
       Defendant - Appellant.             *

———————

Submitted: January 9, 2006
Filed: March 3, 2006

———————

Before, LOKEN, Chief Judge, HANSEN and MELLOY, Circuit Judges.

———————

MELLOY, Circuit Judge.

     Jon R. White plead guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced White on July 23, 2004, subsequent to the United States Supreme Court's decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and prior to the Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005). White alleges that his sentence is in violation of <u>Booker</u> and the Sixth Amendment. We affirm.

———————

    [1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

## I.

The district court determined White's sentence under the United States Sentencing Guidelines to be a total offense level of seventeen consisting of a base level of twenty minus three levels for acceptance of responsibility. In arriving at a base level of twenty, the district court relied on the pre-sentence report (PSR) to determine that White's prior conviction was a crime of violence under U.S.S.G. § 2K2.1(a)(4).

With a criminal history category of III and an offense level of seventeen, the Guidelines range was thirty to thirty-seven months. The district court sentenced White to a thirty-six month term of imprisonment to be followed by a two-year term of supervised release. In response to uncertainty surrounding the status of the Guidelines after Blakely, the district court issued an alternate, but identical, sentence to be imposed if the Guidelines were found to be unconstitutional.

## II.

When a defendant preserves an alleged Booker error, the error is subject to harmless error review. United States v. Haidley, 400 F.3d 642, 644 (8th Cir. 2005). The district court committed an understandable error when it sentenced White under a mandatory guidelines regime, but it specifically stated that it would impose the same sentence even if the Guidelines were not mandatory. The imposition of an alternate sentence can render a Booker error harmless. See, e.g., United States v. Marcussen, 403 F.3d 982, 985 (8th Cir. 2005) (discussing the district court's alternative sentence and holding that any Booker error was harmless). However, it does not necessarily do so. See, e.g., United States v. Porter, 417 F.3d 914, 917-18 (8th Cir. 2005) (remanding for resentencing despite the district court's imposition of an alternative sentence).

This case is distinguishable from Porter, where we remanded for resentencing. In Porter, the district court said simply that it imposed an identical alternative sentence "if Blakely would apply." Id. at 916. With only that vague language to consider, this Court felt it could not "say that the [district] court contemplated an advisory guidelines system under which it was required to consider the advisory guidelines range as one factor among others listed in 18 U.S.C. § 3553(a)." Id. at 917. In contrast, the district court in the present case stated that "[i]t is the opinion of the Court that the sentence that I have just set out does properly follow the sentencing objectives of just punishment, general deterrence and incapacitation as well as the independent judgment of this Court and I levy the sentence for those reasons."

Although the district court's statement did not expressly refer to § 3553(a), it paraphrased several elements of that subsection. Section 3553(a)(2)(A) discusses the need for "just punishment," § 3553(a)(2)(B) references "deterrence," and § 3553(a)(2)(B) discusses the "need to protect the public" which is a rationale for "incapacitation." Additionally, the sentencing range recommended by the Guidelines remains a factor for the court to consider under § 3553(a)(4). Here, the sentence given to White was within the range recommended by the Guidelines.

This case is similar to United States v. Archuleta, 412 F.3d 1003 (8th Cir. 2005), where we held that the district court's statements at sentencing demonstrated sufficient consideration of the § 3553(a) factors to render any alleged Booker error harmless. In Archuleta, we noted that the district court "chose the bottom of the sentencing range in the belief that it would 'serve the purposes of . . . general deterrence, specific deterrence, and an opportunity for the defendant to participate in appropriate programs within the Bureau of Prisons.'" Id. at 1006. Like the district court in Archuleta, the district court here "effectively treated [the Guidelines] as advisory" when it stated that it would have imposed an identical sentence if the Guidelines were not binding. Id. "[W]e do not require a district court to categorically

-3-

rehearse each of the section 3553(a) factors on the record when it imposes a sentence as long as it is clear that they were considered." United States v. Dieken, 432 F.3d 906, 909 (8th Cir. 2006).

Additionally, the district court sentenced White near the top of the Guidelines range. Thus, even under a mandatory guidelines regime, the district court would have had the discretion to impose a lesser sentence. The fact that a district court chose not to exercise its discretion to impose a lesser sentence is evidence that the same sentence would have been imposed under an advisory guidelines regime. See United States v. Perez-Ramirez, 415 F.3d 876, 878 (8th Cir. 2005).

In light of each of these reasons, we find that any Booker error that exists is harmless. We also find nothing in the record to suggest that the sentence imposed by the district court was "unreasonable" or an abuse of discretion. See United States v. Haack, 403 F.3d 997, 1003 (8th Cir. 2005).

Finally, White alleges that his Sixth Amendment rights were violated when the district court relied on the PSR in making its factual determination that his prior conviction was a crime of violence. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 243-47 (1998) (holding that a prior conviction is not an element of an offense that need be proven to a jury beyond a reasonable doubt). White argues that the reasoning in Almendarez-Torres has been called into question by subsequent cases, but our recent cases have made it clear that Almendarez-Torres is still good law in this circuit. See, e.g., United States v. Levering, 431 F.3d 289, 295 (8th Cir. 2005).

III.

For the foregoing reasons, we affirm the sentence imposed by the district court.

_____

-4-