**UNITED STATES of America,**
**Appellee,**

v.

**Adrian PEREZ–RAMIREZ, Appellant.**

No. 04–3048.

United States Court of Appeals,
Eighth Circuit.

Submitted: June 20, 2005.

Filed: July 20, 2005.

John P. Messina, Des Moines, IA, for appellant.

William C. Purdy, Asst. U.S. Attorney, Des Moines, IA, for appellee. ·

Before RILEY, BOWMAN, and BENTON, Circuit Judges.

·BOWMAN, Circuit Judge.

Adrian Perez–Ramirez appeals from the sentence imposed by the District Court[1] following his guilty plea to the offense of illegal re-entry after deportation. *See* 8 U.S.C. § 1326(a) (2000). We affirm.

■ Perez–Ramirez argued at sentencing that the United States Sentencing Guidelines were unconstitutional in light of the Supreme Court's holding in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). He therefore preserved an appeal of his sentence under the Supreme Court's holding in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Pirani,* 406 F.3d 543, 550 (8th Cir.2005) (en banc).

■ The District Court increased Perez–Ramirez's offense level by sixteen levels after finding he had been deported following a felony conviction for a crime of violence. *See* U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2003). The facts underlying this enhancement were included in the Presentence Investigation Report (PSR), and Perez–Ramirez did not object to their inclusion. Consequently, he is deemed to have admitted those facts, and the resulting enhancement did not violate the Sixth Amendment.[2] *See United States v. McCully,* 407 F.3d 931, 933 (8th Cir.2005) (citing Fed.R.Crim.P. 32(i)(3)). Nevertheless, a *Booker* error occurred because the District Court sentenced Perez–Ramirez using the mandatory, pre-*Booker*

---

1. The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

2. Our holding would not change had Perez–Ramirez objected to the PSR's inclusion of the facts underlying the sentencing enhancement pursuant to § 2L1.2(b)(1)(A)(ii). That

enhancement was based on "the fact of [a] prior conviction" and therefore did not implicate the Sixth Amendment under *Booker. United States v. Garcia–Ramirez,* 2004 WL 2419462, No. 04–1131, slip op. at 2 (8th Cir. May 24, 2005) (unpublished) (citing *Booker,* 125 S.Ct. at 756); *accord United States v.*

guidelines, *Pirani*, 406 F.3d at 550, and we must decide whether to remand for resentencing.

██ If preserved for appellate review, as here, a non-constitutional *Booker* error is to be disregarded as harmless unless there is grave doubt as to whether the defendant would have received a more favorable sentence under an advisory guidelines system. *See United States v. Storer*, 413 F.3d 918, 1292–93 (8th Cir.2005). As the beneficiary of the *Booker* error, the government bears the burden of demonstrating that no such grave doubt exists and thus the error is harmless.[3] *Id.* at 1293.

█ There is nothing in the record that gives this Court a grave doubt as to whether Perez–Ramirez would have received a more favorable sentence absent the *Booker* error. At sentencing, the District Court acknowledged that it had discretion to depart downward two levels from Perez–Ramirez's offense level based on cultural assimilation, but instead the court departed downward only one level. The District Court also sentenced Perez–Ramirez to forty-three months in prison, exceeding by two months the low end of Perez–Ramirez's calculated guidelines range, which was forty-one to fifty-one months. The District Court left unused some of its discretion to sentence Perez–Ramirez to a more favorable sentence under the mandatory, pre-*Booker* guidelines, and there is no indication the District Court would have imposed a more favorable sentence under the now-advisory guidelines. The *Booker* error therefore was harmless. In addition, Perez–Ramirez's sentence of forty-three months, which resulted from a correct application of the guidelines and fell within the calcu-

lated sentencing range, was reasonable in light of the sentencing factors listed in 18 U.S.C. § 3553(a) (2000). *See Booker*, 125 S.Ct. at 765–66.

We affirm.

*Phillips*, 413 F.3d 1288, 1292–93 (11th Cir. 2005).

**3.** Because the government submitted its arguments before the *Booker* decision was issued,

we look to the record to see if it would support this contention.