# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3320

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Kerry Brooks, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 12, 2005
Filed: August 10, 2005

_____

Before COLLOTON, McMILLIAN, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Kerry Brooks pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 924(a)(2), 922(g)(1), and 924(e)(1). The district court[1] sentenced Brooks to 210 months. Brooks appeals his sentence, and we affirm.

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

I.

Brooks pled guilty to unlawful possession of a handgun. In his plea agreement, he admitted that on November 6, 2002, he was in possession of a Smith and Wesson revolver. He also acknowledged that he had been convicted previously in state court of second degree attempted robbery, first degree attempted robbery, felony sale of a controlled substance, and felony sale of a controlled substance near a school. These convictions qualified Brooks as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1), and thus established a statutory minimum sentence of 15 years' imprisonment. *E.g.*, *United States v. Mincks*, 409 F.3d 898, 899 (8th Cir. 2005).

The probation office calculated a total offense level of 31 under the United States Sentencing Guidelines, taking into account an offense level of 34 under § 4B1.4(b)(3)(A) and a three-level downward adjustment for acceptance of responsibility pursuant to § 3E1.1(a) and (b). Section 4B1.4(b)(3)(A) provides that the offense level for an armed career criminal is 34, rather than 33, if the defendant used or possessed the firearm in connection with a crime of violence or a controlled substance offense that led to one of the convictions. The district court found that Brooks had used the weapon in connection with an assault on a police officer in the course of an arrest. Without this finding, Brooks's total offense level would have been 30, resulting in a sentencing range of 180-210 months instead of the range of 188-235 months that the district court considered.

At sentencing, Brooks objected to the district court's finding that he had used the weapon in connection with a crime of violence. Brooks argued that *Blakely v. Washington*, 124 S. Ct. 2531 (2004), precluded the district court from considering this fact, because it was neither admitted by Brooks nor proved to a jury beyond a reasonable doubt. The district court declined, absent contrary authority from the Supreme Court or this court, to hold the sentencing guidelines unconstitutional. The court thus sentenced Brooks according the mandatory guidelines, and imposed a term

of 210 months' imprisonment, which was in the middle of the range of 188 to 235 months.

Since then, the Supreme Court held in *United States v. Booker*, 125 S. Ct. 738 (2005), that certain applications of the mandatory sentencing guidelines violated the Sixth Amendment. As a remedy, the court declared the guidelines "effectively advisory" in all cases. Brooks preserved the opportunity to argue *Booker* on appeal, because he objected to his sentence based on the Court's earlier decision in *Blakely*. *See United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005) (en banc).[2]

The district court's imposition of sentence did not involve a violation of the Sixth Amendment. *Booker* held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved beyond a reasonable doubt." 125 S. Ct. at 756. In this case, the maximum sentence authorized by the facts admitted by Brooks and his prior convictions was 210 months' imprisonment – the top of the guideline range that would have applied absent the district court's disputed finding about use of a firearm in connection with a crime of violence. The sentence actually imposed was 210 months' imprisonment, and it thus did not exceed the authorized maximum.

---

[2]The government argues that Brooks waived the right to appeal on this ground, because his plea agreement provided that the sentence would "be determined and imposed pursuant to the Sentencing Guidelines," and that Brooks retained the right to appeal only sentencing issues "which ha[d] not been agreed upon or which ha[d] not been specifically addressed" in the plea agreement. We have rejected the government's contention in a case involving virtually identical language, *United States v. Lea*, 400 F.3d 1115, 1116 (8th Cir. 2005) (per curiam), and we therefore do so here as well.

The case does involve non-constitutional error, however, because Brooks was sentenced according to the mandatory guidelines. Because Brooks preserved this error, we apply harmless-error doctrine to determine "'whether resentencing is warranted or whether it will instead be sufficient to review a sentence for reasonableness.'" *See United States v. Haidley*, 400 F.3d 642, 644 (8th Cir. 2005) (quoting *Booker*, 125 S.Ct. at 769). Where, as here, the *Booker* error is not of constitutional magnitude, "the government is required to establish that we do not have 'grave doubt' as to whether the error substantially influenced the outcome of the proceedings." *Haidley*, 400 F.3d at 645 (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)).

In *Haidley*, we identified the issue as whether it is "harmless error to sentence a defendant under a mandatory federal sentencing guideline regime, as opposed to the *Booker* advisory system, when there is no Sixth Amendment issue as to the guideline computation and the defendant is sentenced at the bottom of the federal sentencing guideline range." 400 F.3d at 644. We concluded that the error in Haidley's case was not harmless. In reaching that conclusion, we were "influenced principally by the fact that the district judge made a conscious decision to sentence the defendant at the bottom of the guideline range." *Id*. at 645.

By contrast, the district court here sentenced Brooks to the middle of the applicable guideline range, stating explicitly that it did not "believe that this is a low end of the guidelines case." (S. Tr. at 17). The district court was aware that it could have imposed a lesser sentence on Brooks, and it chose not to do so after considering the need for adequate punishment, deterrence, and protection of the public.

On this record, we do not have grave doubt whether the application of mandatory guidelines substantially influenced the district court's determination to impose a sentence of 210 months' imprisonment. Under the post-*Booker* advisory guideline regime, the district court must still consider the applicable guideline range

-4-

of 188-235 months, but it may vary from the range if it concludes reasonably that factors set forth in 18 U.S.C. § 3553(a) warrant a different sentence. Even under the mandatory guidelines, however, the district court was able to consider the § 3553(a) factors in determining where within the mandatory range Brooks should be sentenced. That the court elected a sentence of 210 months from within the range of 188 to 235 months gives us confidence that the added flexibility of the post-*Booker* regime would not have led the district court to impose a more favorable sentence. *See United States v. Perez-Ramirez*, No. 04-3048, 2005 WL 1679512, at * 1 (8th Cir. July 20, 2005) (holding that where district court "left unused some of its discretion" to impose a more favorable sentence, non-constitutional *Booker* error was harmless).

Brooks has not raised any argument, after *Booker* was decided, that his sentence is unreasonable with regard to § 3553(a). Assuming we should nonetheless consider the question, *cf. Booker*, 125 S.Ct. at 769, we conclude that the sentence of 210 months' imprisonment, which is within the advisory guideline range, is reasonable. The sentence suggested by the advisory guidelines, of course, are a factor that must be considered in fixing a sentence, and we see nothing in the record to suggest that the other factors set forth in § 3553(a) militate so strongly in favor of a sentence more favorable than the guideline sentence that a sentence within the advisory range is unreasonable.

The judgment of the district court is affirmed.

_____