# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3240
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Catrina Larson, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: July 26, 2005
Filed: August 22, 2005
_____

Before WOLLMAN, BEAM, and RILEY, Circuit Judges.
_____

PER CURIAM.

Catrina Larson pleaded guilty to conspiracy to distribute 500 or more grams of methamphetamine, an offense which subjected her to the statutory mandatory minimum 10-year sentence set forth in 21 U.S.C. § 841(b)(1)(A), unless she qualified for safety valve relief under 18 U.S.C. § 3553(f). Proceedings on Larson's safety valve eligibility began in April 2004 and continued in August 2004. In the meantime, in June 2004, the United States Supreme Court decided Blakely v. Washington, 124 S. Ct. 2531 (2004). Relying on Blakely, Larson lodged a timely objection to the

constitutionality of the Sentencing Guidelines during her sentencing proceedings, which the district court[1] denied.

The district court concluded that Larson was eligible for the safety valve, and instead of being subject to the statutory minimum of 120 months, Larson's sentencing range was set at 87 to 108 months. Though Larson's counsel advocated that she be sentenced at the bottom of her guidelines' range, the district court instead sentenced her to 96-months' imprisonment. On appeal, Larson contends that she should be resentenced under the advisory guidelines scheme.

Because Larson timely objected at sentencing to the constitutionality of the guidelines, we review her claim for harmless error. United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc). Larson's claim involves only non-constitutional Booker error–the district court's treatment of the guidelines as mandatory. Thus, the government has the burden to establish that we do not have "grave doubt" as to whether the error substantially influenced the outcome of the proceedings. United States v. Haidley, 400 F.3d 642, 644-45 (8th Cir. 2005). The government can meet its burden in this case because the district court sentenced Larson in the middle of her guidelines' range, despite counsel's entreaties for a sentence at the low end. United States v. Brooks, No. 04-3320, 2005 WL 1875718, at *2 (8th Cir. Aug. 10, 2005) (holding that because district court sentenced defendant to the middle of the applicable guidelines' range, the court had no grave doubt whether the application of mandatory guidelines substantially influenced the district court's sentence).

Furthermore, we find that Larson's sentence is reasonable under the factors set forth in 18 U.S.C. § 3553(a). We therefore affirm the district court.

_____

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.