**UNITED STATES of America,**
**Appellee,**

v.

**Scott William SUTHERLIN, Appellant.**

**No. 05–1261.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Sept. 15, 2005.

Filed: Oct. 5, 2005.

Thomas H. Shiah, Minneapolis, MN, for appellant.

Assistant U.S. Atty., Erika R. Mozangue, Minneapolis, MN, for appellee.

Before RILEY, HEANEY, and COLLOTON, Circuit Judges.

1. The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

## PER CURIAM.

Scott William Sutherlin appeals the sentence imposed by the district court[1] following his plea of guilty to one count of armed bank robbery. We affirm.

Sutherlin was charged with five counts of bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Sutherlin pled guilty to one count and the government dismissed the four remaining counts. The plea agreement called for a United States Sentencing Guidelines offense level of 26, criminal history category I, and a corresponding sentence range of 63 to 78 months imprisonment. On January 11, 2005,[2] Sutherlin was sentenced to seventy months of imprisonment, to be followed by five years of supervised release, restitution in the amount of $33,747, and a special assessment of $100. Sutherlin appeals, asserting he has the right to be re-sentenced in accordance with *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The government argues that Sutherlin failed to preserve the *Booker* issue for appeal, and even if it was preserved, advisory rather than mandatory application of the guidelines would not affect the outcome, because the district court had discretion to order a lesser sentence but chose not to.

Though the district court acknowledged at the change of plea hearing that recent Supreme Court developments may render the guidelines advisory rather than mandatory, there is nothing in the sentencing hearing transcript or the district court's Statement of Reasons indicating the court actually applied the guidelines as advisory in sentencing Sutherlin. Thus, we cannot assume the district court

2. *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which rendered the guidelines "effectively advisory" rather than mandatory, was issued the next day on January 12, 2005.

applied the guidelines in the advisory manner required by *Booker*. Our task is to determine whether the district court's apparent mandatory application of the guidelines warrants remanding the case for resentencing. *United States v. Perez–Ramirez*, 415 F.3d 876, 877–78 (8th Cir. 2005). If the *Booker* issue was raised before the district court, we apply the harmless error standard of review. *Id.* at 878. Here, Sutherlin asserted *Blakely*[3] concerns at his change of plea hearing, and the district court specifically acknowledged that *Booker* was pending and would likely render the guidelines advisory rather than mandatory. At the sentencing hearing, Sutherlin's counsel specifically argued that in fashioning a punishment, "some measure may be taken by the guidelines to the extent they exist," but that "I think they are advisory." (Sentencing Tr. at 7.) Accordingly, the issue was preserved for appeal and the harmless error standard applies. *Perez–Ramirez*, 415 F.3d at 877 (holding that defendant preserved *Booker* appeal of his sentence by raising *Blakely* issue at sentencing).

■■■ Under harmless error review, this court reviews the sentence to determine whether the error affected the defendant's substantial rights. Fed.R.Crim.P. 52(a). A non-constitutional error[4] is harmless and should be disregarded "unless there is a grave doubt as to whether the defendant would have received a more favorable sentence under an advisory guidelines system." *Perez–Ramirez*, 415 F.3d at 878. The "beneficiary of the error," here, the government, has the burden of proving the error did not affect the defendant's substantial rights. *United*

**3.** *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

**4.** Sutherlin either admitted or did not object to the factual recitations in the presentence

*States v. Haidley*, 400 F.3d 642, 644 (8th Cir.2005). Unlike the district court in *Haidley*, the district court sentenced Sutherlin in the middle, rather than at the bottom, of the guidelines range. Therefore, the concern that the district court was restricted in sentencing Sutherlin based on the mandatory rather than advisory status of the sentencing guidelines is muted. *Perez–Ramirez*, 415 F.3d at 878 (finding the *Booker* error harmless where the district court "left unused some of its discretion" by not sentencing defendant at the bottom of the sentencing range). Moreover, at the change of plea hearing, the district court made it very clear that it understood the implications of the *Blakely* decision, and would "at a minimum use the guidelines in an advisory capacity." (Change of Plea Hr'g Tr. at 16.) Considering the record as a whole, we find any *Booker* error, that may have occurred in this case, harmless, and affirm the sentence imposed by the district court.

investigation. Therefore, he is deemed to have admitted them and any enhancement based on these facts does not violate the Sixth Amendment. *Perez–Ramirez*, 415 F.3d at 877.