# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1261

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal From the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Scott William Sutherlin, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 15, 2005
Filed: October 5, 2005

_____

Before RILEY, HEANEY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Scott William Sutherlin appeals the sentence imposed by the district court[1] following his plea of guilty to one count of armed bank robbery. We affirm.

Sutherlin was charged with five counts of bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Sutherlin pled guilty to one count and the government dismissed the four remaining counts. The plea agreement called for a United States

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

Sentencing Guidelines offense level of 26, criminal history category I, and a corresponding sentence range of 63 to 78 months imprisonment. On January 11, 2005,[2] Sutherlin was sentenced to seventy months of imprisonment, to be followed by five years of supervised release, restitution in the amount of $33,747, and a special assessment of $100. Sutherlin appeals, asserting he has the right to be re-sentenced in accordance with United States v. Booker, 125 S. Ct. 738 (2005). The government argues that Sutherlin failed to preserve the Booker issue for appeal, and even if it was preserved, advisory rather than mandatory application of the guidelines would not affect the outcome, because the district court had discretion to order a lesser sentence but chose not to.

Though the district court acknowledged at the change of plea hearing that recent Supreme Court developments may render the guidelines advisory rather than mandatory, there is nothing in the sentencing hearing transcript or the district court's Statement of Reasons indicating the court actually applied the guidelines as advisory in sentencing Sutherlin. Thus, we cannot assume the district court applied the guidelines in the advisory manner required by Booker. Our task is to determine whether the district court's apparent mandatory application of the guidelines warrants remanding the case for resentencing. United States v. Perez-Ramirez, 415 F.3d 876, 877-78 (8th Cir. 2005). If the Booker issue was raised before the district court, we apply the harmless error standard of review. Id. at 878. Here, Sutherlin asserted Blakely[3] concerns at his change of plea hearing, and the district court specifically acknowledged that Booker was pending and would likely render the guidelines advisory rather than mandatory. At the sentencing hearing, Sutherlin's counsel specifically argued that in fashioning a punishment, "some measure may be taken by

_____

[2]United States v. Booker, 125 S. Ct. 738 (2005), which rendered the guidelines "effectively advisory" rather than mandatory, was issued the next day on January 12, 2005.

[3]Blakely v. Washington, 542 U.S. 296 (2004).

the guidelines to the extent they exist," but that "I think they are advisory." (Sentencing Tr. at 7.) Accordingly, the issue was preserved for appeal and the harmless error standard applies. Perez-Ramirez, 415 F.3d at 877 (holding that defendant preserved Booker appeal of his sentence by raising Blakely issue at sentencing).

Under harmless error review, this court reviews the sentence to determine whether the error affected the defendant's substantial rights. Fed. R. Crim. P. 52(a). A non-constitutional error[4] is harmless and should be disregarded "unless there is a grave doubt as to whether the defendant would have received a more favorable sentence under an advisory guidelines system." Perez-Ramirez, 415 F.3d at 878. The "beneficiary of the error," here, the government, has the burden of proving the error did not affect the defendant's substantial rights. United States v. Haidley, 400 F.3d 642, 644 (8th Cir. 2005). Unlike the district court in Haidley, the district court sentenced Sutherlin in the middle, rather than at the bottom, of the guidelines range. Therefore, the concern that the district court was restricted in sentencing Sutherlin based on the mandatory rather than advisory status of the sentencing guidelines is muted. Perez-Ramirez, 415 F.3d at 878 (finding the Booker error harmless where the district court "left unused some of its discretion" by not sentencing defendant at the bottom of the sentencing range). Moreover, at the change of plea hearing, the district court made it very clear that it understood the implications of the Blakely decision, and would "at a minimum use the guidelines in an advisory capacity." (Change of Plea Hr'g Tr. at 16.) Considering the record as a whole, we find any Booker error, that may have occurred in this case, harmless, and affirm the sentence imposed by the district court.

_____

[4]Sutherlin either admitted or did not object to the factual recitations in the pre-sentence investigation. Therefore, he is deemed to have admitted them and any enhancement based on these facts does not violate the Sixth Amendment. Perez-Ramirez, 415 F.3d at 877.