# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3782

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Western District of Missouri. |
| David L. Quigg, | * |
| | *    [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: October 7, 2005
Filed: October 20, 2005

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

After David L. Quigg pleaded guilty to manufacturing and conspiring to manufacture a methamphetamine mixture containing 50 grams or more of actual methamphetamine, the district court[1] sentenced Quigg to 93 months imprisonment and 3 years supervised release. He appeals, and we affirm.

On appeal Quigg argues that the district court violated the principles in Blakely v. Washington, 124 S. Ct. 2531 (2004), by enhancing his sentence based on drug

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

quantities that were neither charged in the indictment nor admitted by him, and by sentencing him pursuant to a mandatory sentencing scheme that is no longer constitutional. This argument fails. A district court commits error by enhancing a defendant's sentence based on judge-found facts pursuant to a mandatory Guidelines scheme, see United States v. Booker, 125 S. Ct. 738, 756, 764 (2005); United States v. Salter, 418 F.3d 860, 862 (8th Cir. 2005), and here, the district court relied on facts in the presentence report (PSR) showing that Quigg was accountable for drugs having a marijuana equivalency of 3,496 kilograms. Quigg does not contend on appeal, however, that the facts recited in the PSR do not support the drug amount attributable to him, and having failed in the district court to object specifically to the factual allegations, Quigg is deemed to have admitted these facts for purposes of Booker. See United States v. McCully, 407 F.3d 931, 933 (8th Cir. 2005).

The district court did err under Booker by applying the Guidelines as a mandatory sentencing scheme, see Booker, 125 S. Ct. at 764 (holding Guidelines to be only advisory), and Quigg preserved the error at sentencing by invoking Blakely, see United States v. Pirani, 406 F.3d 543, 549-50 (8th Cir. 2005) (en banc), petition for cert. filed, (U.S. July 27, 2005) (No. 05-5547). Nevertheless, we conclude that the government has shown that the error is harmless. See United States v. Haidley, 400 F.3d 642, 644-45 (8th Cir. 2005). At sentencing, the district court discussed at length why it had chosen a sentence in the middle of the Guidelines range. The court expressed disappointment that Quigg had chosen to blame others for his criminal conduct. The court also commented that it was troubled by Quigg's post-plea repeated use of methamphetamine, and that it was declining to sentence him at the bottom of the Guidelines range as a consequence for that behavior, and to deter similar conduct in others. The court added that the sentence imposed was adequate to address the criminal conduct, and thus that there was no reason to go to the top of the Guidelines range. In these circumstances, we harbor no "grave doubt whether the application of the mandatory guidelines substantially influenced the district court's" selection of Quigg's sentence. See United States v. Brooks, 417 F.3d 982, 985 (8th

Cir. 2005) (mandatory application of the Guidelines was harmless error where district court "sentenced [defendant] to the middle of the applicable guideline range, stating explicitly that it did not 'believe that this is a low end of the guidelines case'" and "it consider[ed] the need for adequate punishment, deterrence, and protection of the public").

Accordingly, we affirm Quigg's sentence.

_____