# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1037

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　　Appellee,　　　　*
　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　　v.　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　*　Northern District of Iowa.
Damon John Torres,　　　　　　　*
　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　　　　Appellant.　　　*

_____

Submitted: September 6, 2005
Filed: November 4, 2005

_____

Before COLLOTON, LAY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In an opinion filed on November 5, 2004, we affirmed an order of the district court denying a motion filed by Damon John Torres to compel the United States to file a motion to reduce his sentence pursuant to Federal Rule of Criminal Procedure 35(b) based on the provision of substantial assistance. Torres then filed a petition for writ of certiorari with the Supreme Court of the United States. The Court granted the petition, vacated our judgment, and remanded the case for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). *See Torres v. United States*, 125 S. Ct. 2925 (2005). We received supplemental briefs from the parties, and we now affirm the judgment of the district court.

Although the parties have briefed whether the district court's original imposition of sentence constituted plain error warranting relief within the meaning of *Booker* and *United States v. Pirani*, 406 F.3d 543, 551 (8th Cir. 2005) (en banc), we conclude that there is no appellate jurisdiction to consider that question. Torres was sentenced on August 1, 2001. He did not file a timely direct appeal from that sentence. In July 2002, Torres then filed a motion, which was amended in November 2003, to compel the government to file a motion to reduce sentence pursuant to Rule 35(b). The district court denied the motion in December 2003, and Torres filed an appeal from that order in January 2004. This appeal thus raises the narrow question whether the district court erred in declining to compel the filing of a substantial-assistance motion. For the reasons stated in our opinion of November 5, 2004, we affirm the district court's decision to deny the motion. Our jurisdiction to review the district court's order of December 2003, however, does not extend to review of the sentence originally imposed in August 2001. An appeal of that judgment is untimely.

If the original sentence were properly before us, we would conclude that the district court's imposition of sentence involved no plain error warranting relief under *Pirani*. To obtain relief under the plain-error standard, a defendant must show a reasonable probability that he would have received a more favorable sentence under the advisory guidelines scheme announced in *Booker*. In this case, the district court calculated a sentencing range of 135 to 168 months' imprisonment under the then-mandatory guidelines, and then sentenced Torres to a term of 150 months' imprisonment. A sentence in the middle of the advisory guideline range is "insufficient *per se* to demonstrate a reasonable probability that a district court would have imposed a more lenient sentence under an advisory Guidelines system," *United States v. St. James*, 415 F.3d 800, 807 (8th Cir. 2005), and, indeed, it is sufficient under our precedents to demonstrate that a *Booker* error is harmless. *United States v. Perez-Ramirez*, 415 F.3d 876, 878 (8th Cir. 2005). We also conclude that a sentence in the middle of the advisory guideline range is reasonable in this case.

Accordingly, even were we to consider Torres's claim based on *Booker*, there is no basis for relief.

The judgment of the district court is affirmed.

LAY, Circuit Judge, concurring.

I agree with the majority's conclusion that our court lacks jurisdiction to review the district court's order of December 2003. Because the majority has elected to discuss whether the defendant in this case would have received relief under *United States v. Pirani*, 406 F.3d 543 (8th Cir. 2005) (en banc), I write separately to express my dissatisfaction with the inflexible manner in which plain error is used by this court to review *Booker* claims. *Pirani* does not make any sense and puts blinders upon our review of *Booker* cases. Even where it is obvious the district court imposed a mandatory sentence based on facts not admitted to by the defendant or found by a jury beyond a reasonable doubt in violation of the Sixth Amendment, we will not entertain the possibility of a remedy for this constitutional error if the record is mute on the issue of whether the district court would have imposed a different sentence if the Guidelines were merely discretionary. Considering that, at the time of sentencing, the Guidelines were mandatory, a silent record on this point is to be expected and we should not fault a defendant for an inability to point to non-existent evidence. While justice may be blind, I cannot turn a blind eye to injustice. As eloquently stated by Judge Bye,

> The duty of showing prejudice which the [rule of *Pirani* bestows] on a defendant is like asking a defendant to prove the existence of a divine-being or the existence of life on a planet other than our own. The evidence either does not exist or is beyond the defendant's mere human capabilities, thus any attempt to explain how a defendant may meet this showing, without an explicit statement on the record by the sentencing judge, is nothing more than an empty exercise in casuistry.

-3-

*Id.* at 564 (Bye, J., dissenting).

I suggest the limited remand approach adopted by the Second, Seventh and Ninth Circuits strikes the correct balance between judicial economy and our duty to protect the constitutional rights of criminal defendants. *See United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc); *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005); *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). As it is nearly always impossible for a defendant to demonstrate that the district court would have imposed a different sentence under a discretionary sentencing regime, a limited remand to answer this question is both practical and just.

―――――――――――――――――