PER CURIAM.
In an opinion filed on November 5, 2004, we affirmed an order of the district court denying a motion filed by Damon John Torres to compel the United States to file a motion to reduce his sentence pursuant to Federal Rule of Criminal Procedure 35(b) based on the provision of substantial assistance. Torres then filed a petition for writ of certiorari with the Supreme Court of the United States. The Court granted the petition, vacated our judgment, and remanded the case for further consideration in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). See Torres v. United States, — U.S. -, 125 S.Ct. 2925, 162 L.Ed.2d 292 (2005). We received supplemental briefs from the parties, and we now affirm the judgment of the district court.
Although the parties have briefed whether the district court’s original imposition of sentence constituted plain error warranting relief within the meaning of Booker and United States v. Pirani, 406 F.3d 543, 551 (8th Cir.2005) (en banc), we conclude that there is no appellate jurisdiction to consider that question. Torres was sentenced on August 1, 2001. He did not file a timely direct appeal from that sentence. In July 2002, Torres then filed a motion, which was amended in November 2003, to compel the government to file a motion to reduce sentence pursuant to Rule 35(b). The district court deified the motion in December 2003, and Torres filed an appeal from that order in January 2004. This appeal thus raises the narrow question whether the district court erred in declining to compel the filing of a substantial-assistance motion. For the reasons stated in our opinion of November 5, 2004, we affirm the district court’s decision to deny the motion. Our jurisdiction to review the district court’s order of December 2003, however, does not extend to review of the sentence originally imposed in August 2001. An appeal of that judgment is untimely.
If the original sentence were properly before us, we would conclude that the district court’s imposition of sentence *498 involved no plain error warranting relief under Pirani To obtain relief under the plain-error standard, a defendant must show a reasonable probability that he would have received a more favorable sentence under the advisory guidelines scheme announced in Booker. In this case, the district court calculated a sentencing range of 135 to 168 months’ imprisonment under the then-mandatory guidelines, and then sentenced Torres to a term of 150 months’ imprisonment. A sentence in the middle of the advisory guideline range is “insufficient per se to demonstrate a reasonable probability that a district court would have imposed a more lenient sentence under an advisory Guidelines system,” United States v. St. James, 415 F.3d 800, 807 (8th Cir.2005), and, indeed, it is sufficient under our precedents to demonstrate that a Booker error is harmless. United States v. Perez-Ramirez, 415 F.3d 876, 878 (8th Cir.2005). We also conclude that a sentence in the middle of the advisory guideline range is reasonable in this case. Accordingly, even were we to consider Torres’s claim based on Booker, there is no basis for relief.
The judgment of the district court is affirmed.