# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3727

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Anthony M. Adams, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 17, 2005
Filed: November 23, 2005

_____

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Anthony Adams appeals the sentence the district court[1] imposed after he pleaded guilty to violating 21 U.S.C. § 841(a)(1) and (b)(1)(C) by distributing crack cocaine and heroin and possessing heroin and cocaine with intent to distribute. For reversal, Mr. Adams argues that the district court violated Blakely v. Washington, 542 U.S. 296 (2004), by calculating his base offense level using drug quantities from uncharged and unadmitted conduct and by applying the career-offender Guideline, which required a factual finding on the nature of his prior convictions. Mr. Adams

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

also argues the evidence does not support the drug quantities necessary for a base offense level of 34.

While Mr. Adams's <u>Blakely</u> argument is valid with respect to the drug quantities, <u>see</u> <u>United States v. Engler</u>, 422 F.3d 692, 696 (8th Cir. 2005) (court's use, in context of mandatory Guidelines system, of drug quantities not found by jury or admitted by defendant was error under <u>United States v. Booker</u>, 125 S. Ct. 738 (2005)), the error was harmless. The district court arrived at the same offense level--34--for the alternative reason that Mr. Adams had the necessary prior convictions to be a career offender, a conclusion the court could properly reach without implicating the Sixth Amendment. <u>See</u> U.S.S.G. § 4B1.1(b) (offense levels for career offenders); <u>United States v. Marcussen</u>, 403 F.3d 982, 984 (8th Cir. 2005) (holding that district court, not jury, determines whether prior convictions subject defendant to sentencing as career offender), <u>cert. denied</u>, 74 U.S.L.W. 3230 (U.S. Oct. 11, 2005 (No. 05-6173)).

The error in treating the Guidelines as mandatory was harmless as well. The district court sentenced Mr. Adams at neither the top nor the bottom of the calculated Guidelines range and did not indicate it would have imposed a more favorable sentence under advisory Guidelines. <u>See</u> <u>United States v. Perez-Ramirez</u>, 415 F.3d 876, 878 (8th Cir. 2005) (finding error harmless where district court "left unused some of its discretion to sentence [defendant] to a more favorable sentence under the mandatory, pre-<u>Booker</u> guidelines"). We conclude that the sentence, which the court based partly on Mr. Adams's extensive criminal history, was not unreasonable. <u>See</u> <u>United States v. Shannon</u>, 414 F.3d 921, 924 (8th Cir. 2005) (sentence was reasonable with regard to 18 U.S.C. § 3553(a) factors that district court considered, including criminal history).

Accordingly, we affirm.

_____