# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1066

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　Appellee,　　　　　　　　 *
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　 *　District Court for the
　　　　　　　　　　　　　　　　　　*　Western District of Arkansas.
Jeffrey Lenn Smith,　　　　　　　　*
　　　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　Appellant.　　　　　　　　*

_____

Submitted: January 6, 2006
Filed: January 23, 2006

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jeffrey Lenn Smith appeals the sentence the district court[1] imposed after he pleaded guilty to bank fraud, in violation of 18 U.S.C. § 1344, and structuring monetary transactions, in violation of 31 U.S.C. § 5324. On appeal, Smith argues that (1) his sentence is unreasonable because he was sentenced under a mandatory Guidelines scheme, and (2) the district court did not take the factors in 18 U.S.C. § 3553(a) into account when determining his sentence.

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

Although the district court erred in sentencing Smith under a mandatory Guidelines scheme, see United States v. Booker, 125 S. Ct. 738, 756-57 (2005), and Smith preserved the issue, see United States v. Pirani, 406 F.3d 543, 549 (8th Cir.) (en banc) (Booker error preserved by, inter alia, raising Blakely v. Washington, 542 U.S. 296 (2004)), cert. denied, 126 S. Ct. 266 (2005), we conclude that the error was harmless, see United States v. Haidley, 400 F.3d 642, 644 (8th Cir. 2005) (harmless-error review for preserved Booker error). Smith was sentenced in the middle of the applicable Guidelines range and the district court indicated that it would impose the same sentence under an advisory scheme. See United States v. Brooks, 417 F.3d 982, 985 (8th Cir.) (Booker error was harmless because defendant was sentenced in middle of his Guidelines range), cert. denied, 126 S. Ct. 818 (2005); United States v. Thompson, 403 F.3d 533, 536 (8th Cir. 2005) (Booker error was harmless where district court announced that it would impose same sentence if mandatory Guidelines were found unconstitutional).

While the district court did not explicitly discuss its consideration of the factors listed in section 3553(a)--beyond the court's application of the Guidelines--we are unable to say that the sentence the court imposed is unreasonable. See United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.) (sentence within correctly calculated Guidelines range is presumptively reasonable, and defendant must rebut presumption of reasonableness), cert. denied, 2005 WL 3067440 (U.S. Dec. 12, 2005) (No. 05-7506); United States v. Winters, 411 F.3d 967, 976 (8th Cir. 2005) (affirming as not unreasonable, sentence that was based on, inter alia, nature and circumstances of offense and history and characteristics of defendant, even though district court did not explicitly analyze § 3553(a) factors); United States v. Yahnke, 395 F.3d 823, 824-25 (8th Cir. 2005) (same).

Accordingly, we affirm.

_____