# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4180

_____

United States of America,

       Appellee,

   v.

Daren Hill,

       Appellant.

\* 
\*
\*
\* Appeal from the United States
\* District Court for the
\* Eastern District of Missouri.
\*     [UNPUBLISHED]
\*
\*

_____

Submitted: December 12, 2005
Filed: January 25, 2006

_____

Before LOKEN, Chief Judge, WOLLMAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

     Daren Hill pleaded guilty to being a felon in possession of a firearm. The Presentence Investigation Report (PSR) recommended that Hill be sentenced as an armed career criminal under § 4B1.4(a) of the federal sentencing guidelines because he had at least three prior convictions for violent felonies or serious drug offenses. The district court[1] adopted the recommendations of the PSR, found that the applicable sentencing range was 188–235 months, and sentenced Hill to 200 months in prison and five years of supervised release. Hill appeals his sentence, and we affirm.

_____

     [1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

Hill first argues that the district court erred in sentencing him as an armed career criminal because he did not admit, nor did a jury determine beyond a reasonable doubt, that his prior convictions were violent felonies or serious drug offenses. We have consistently rejected this argument and held that the characterization of prior convictions is a legal question outside the purview of the Sixth Amendment. United States v.Turnbough, 425 F.3d 1112, 1114 (8th Cir. 2005); United States v. Marcussen, 403 F.3d 982, 984 (8th Cir. 2005).

Next, Hill argues that the district court erred in sentencing him under a mandatory guidelines scheme and that the case should be remanded for resentencing. Hill is correct that the district court erred in applying the guidelines as mandatory. United States v. Booker, 543 U.S. 220 (2005). Because Hill preserved this Booker argument by arguing Blakely v. Washington, 542 U.S. 296 (2004), in the district court, we review for harmless error. United States v. Haidley, 400 F.3d 642, 644 (8th Cir. 2005). We have held that mandatory application of the guidelines is harmless error when the district court had the discretion to impose a lesser sentence but instead sentenced the defendant in the middle of the sentencing range. United States v. Millot, slip op. (8th Cir. Jan. 9, 2006); see also United States v. Perez-Ramirez, 415 F.3d 876, 878 (8th Cir. 2005). That is the case here, because the district court sentenced Hill to 200 months' imprisonment and five years' supervised release when it could have sentenced him to 188 months' imprisonment under the mandatory guidelines.

The judgment is affirmed.

_____