# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 04-3936

_____

United States of America,       *

                     *

       Appellee,       *

                     *     Appeal from the United States

   v.                *     District Court for the Western

                     *     District of Missouri.

Brent James Bockes,       *

                     *

       Appellant.     *

_____

Submitted: October 11, 2005
Filed: May 18, 2006

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Brent James Bockes appeals the sentence pronounced by the district court[1] after his guilty plea for bank robbery. Bockes contends that tampering with a motor vehicle is not a crime of violence as defined by U.S. Sentencing Guidelines Manual § 4B1.2 and that his sentence was unconstitutionally pronounced under mandatory sentencing guidelines. We affirm.

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

## I.    BACKGROUND

Bockes pled guilty to four counts of bank robbery by intimidation in violation of 18 U.S.C. § 2113(a).  The district court sentenced Bockes as a career offender, finding that a 2002 Missouri conviction for burglary in the second degree and a 1995 Missouri conviction for tampering with a motor vehicle in the first degree were both crimes of violence as defined by U.S.S.G. § 4B1.2.[2]  Upon application of the career offender guideline, Bockes's total offense level was 29 and his criminal history category was VI, yielding a guidelines sentencing range of 151 to 188 months. Absent the career offender guideline, Bockes's total offense level would have been 25 and his criminal history category still would have been VI, yielding a guidelines range of 110 to 137 months.  The district court, applying the guidelines in a mandatory fashion, pronounced a sentence of 151 months.  Bockes objected to the application of the guidelines at sentencing, citing *Blakely v. Washington*, 542 U.S. 296 (2004).  However, the district court also pronounced an identical alternative sentence of 151 months "if the guidelines do not apply."

Bockes appeals his sentence, arguing that (1) tampering with a motor vehicle is not a crime of violence, and (2) his sentence was unconstitutionally pronounced under mandatory guidelines.

---

[2]"Crime of violence" is defined in § 4B1.2(a) as:

[A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

## II. DISCUSSION

### A. Tampering with a Motor Vehicle as a Crime of Violence

We review de novo whether a prior conviction constitutes a crime of violence under the sentencing guidelines. *United States v. Kendrick*, 423 F.3d 803, 809 (8th Cir. 2005). Under Missouri law, a person commits the crime of tampering with a motor vehicle if "[h]e or she knowingly receives, possesses, sells, alters, defaces, destroys or unlawfully operates an automobile . . . or other motor-propelled vehicle without the consent of the owner thereof." Mo. Rev. Stat. § 569.080.1(2). The statute thus criminalizes both tampering by operation and tampering by possession.

We have held that a subset of activity criminalized by this statute, tampering by operation, is a "violent felony" for purposes 18 U.S.C. § 924(e) and, thus, a crime of violence for purposes of § 4B1.2.[3] *United States v. Johnson*, 417 F.3d 990, 997-99 (8th Cir. 2005), *reh'g denied*, No. 04-1839 (8th Cir. May 3, 2006). In *Johnson*, we recognized that tampering by operation involves exactly the same risk-creating elements as theft or attempted theft of a vehicle, which we held to be crimes of violence in *United States v. Sun Bear*, 307 F.3d 747, 753 (8th Cir. 2002). Like vehicle theft, tampering by operation "creates the risk of a violent confrontation with the vehicle's owner or with law enforcement, places the criminal in control of a potentially deadly or dangerous weapon, . . . and makes it likely that 'the thief may be

---

[3]Because the definition of "crime of violence" in § 4B1.2 is virtually identical to the definition of "violent felony" in 18 U.S.C. § 924(e), we apply our precedent regarding whether a conviction under a particular statute is a violent felony for § 924(e) purposes to the question of whether a conviction under that statute is a crime of violence for § 4B1.2 purposes. *United States v. Levering*, 431 F.3d 289, 294 (8th Cir. 2005); *United States v. Sprouse*, 394 F.3d 578, 580 (8th Cir. 2005) ("Because the definitions of crime of violence and violent felony are identical, the same analysis applies in determining whether [the defendant's] convictions fall within the conduct defined.").

pursued, or perceive a threat of pursuit, and drive recklessly, turning any pursuit into a high-speed chase with potential harm to innocent people, to the police, and to the thief himself.'" *Id.* at 999 (quoting *Sprouse*, 394 F.3d at 580-81). Because the Missouri statute is overinclusive, we applied the categorical approach developed in *Shepard v. United States*, 544 U.S. 13 (2005), and *Taylor v. United States*, 495 U.S. 575 (1990), to determine if the conduct underlying the conviction fell within the statutory category of tampering by operation. Because the charging document stated that Johnson's conduct involved tampering by operation, we held that his conviction qualified as a crime of violence. *Johnson*, 417 F.3d at 997-99.

After *Johnson* was decided, our court en banc revisited the definition of "violent felony" found in 18 U.S.C. § 924(e) (and by implication the definition of "crime of violence" in § 4B1.2) in *United States v. McCall*, 439 F.3d 967 (8th Cir. 2006) (en banc). In *McCall*, we held that a finding of "serious potential risk" within the meaning of § 924(e)(2)(B)(ii) requires that, although physical injury need not be an element of the offense, "the inherent potential for harm must be present, if not in every violation, at least in a substantial portion of the circumstances made criminal by the statute." *Id.* at 972. We have since affirmed that the potential for harm described in *Johnson* continues to qualify tampering by operation under the Missouri statute as a crime of violence after *McCall*. *United States v. Adams*, 442 F.3d 645, 646-47 (8th Cir. 2006); *cf. United States v. Livingston*, 442 F.3d 1082, 1087 (8th Cir. 2006) (following the reasoning of *McCall* and *Johnson* to hold that "breaking or entering a vehicle does not cross the line into what constitutes a violent felony" due to the "difference in the dangers inherent in operating a vehicle as opposed to merely possessing a vehicle").

In this case, the Presentence Investigation Report ("PSR") cited the charging document underlying the 1995 tampering conviction to show that Bockes "knowingly and without consent of the owner possessed and unlawfully operated a motor vehicle." The charging document, of course, is acceptable documentary evidence as

contemplated by *Shepard*. *See* 544 U.S. at 26. Although Bockes objected to the characterization of the conviction in the PSR as a crime of violence, he did not object to the underlying facts recited from the charging document. Because Bockes did not object and this is "a case where the PSR described conduct derived from documents *Taylor* or *Shepard* permit," the Government was not obliged "to introduce at sentencing the documentary evidence *Taylor* or *Shepard* requires." *McCall*, 439 F.3d at 974. Therefore, the district court did not err in finding that Bockes's conviction for tampering by operation under the Missouri statute is a crime of violence for § 4B1.2 purposes.

## B.     Use of Mandatory Sentencing Guidelines

Because Bockes preserved his challenge to the use of mandatory guidelines with a timely *Blakely* objection to the sentencing court, we review for harmless error. *See United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005) (en banc). Bockes's sentencing guidelines range was ultimately determined solely from his status as a career offender with no enhancements based on judge-found facts,[4] so the error in using mandatory guidelines is not of constitutional magnitude. *United States v. Londondio*, 420 F.3d 777, 791 (8th Cir. 2005). Therefore, to prove harmless error, the government bears the burden of demonstrating that no grave doubt exists as to whether the defendant would have received a more favorable sentence under an advisory guidelines system. *United States v. Perez-Ramirez*, 415 F.3d 876, 878 (8th Cir. 2005). We have found this burden met "where the district court states at

---

[4]Determining whether a prior conviction is a "crime of violence" for § 4B1.2 purposes is a question of law, not a question of fact found by the judge. *United States v. Turnbough*, 425 F.3d 1112, 1114 (8th Cir. 2005) ("We have consistently rejected the applicability of *Booker* to the legal determination of whether a prior conviction may be categorized as a crime of violence.").

sentencing that it would impose the same alterative sentence if the Guidelines were deemed invalid." *United States v. Craiglow*, 432 F.3d 816, 819 (8th Cir. 2005).

In this case, the Government asked the district court to impose an alternative sentence "between the minimum and maximum of statutory punishment" to apply in the event the guidelines-based sentence was invalidated. In response, the district court pronounced an identical alternative sentence of 151 months "if the guidelines do not apply." While brief, this exchange is sufficient to show that no grave doubt exists as to whether Bockes would have received a more favorable sentence absent *Booker* error. *See Craiglow*, 432 F.3d at 819 ("Grave doubt does not exist even if the district court's alternative sentence assumes the Guidelines to be wholly unconstitutional and not advisory."); *United States v. Thompson*, 403 F.3d 533, 535-36 (8th Cir. 2005) (holding, where "the district court insulated [the defendant's] sentence by announcing an identical alternative sentence should the Guidelines be held completely unconstitutional," that the district court's pronouncement of an identical alternative sentence "renders any remand futile"). Therefore, we find the district court's use of mandatory guidelines harmless in this instance.

## III.   CONCLUSION

We conclude that the district court did not err in finding that tampering with a motor vehicle by operation is a crime of violence as defined by U.S.S.G. § 4B1.2 and that the district court's use of mandatory sentencing guidelines was rendered harmless by the pronouncement of an identical alternative sentence. Therefore, we affirm the sentence imposed by the district court.

_____