# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3971

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Gary W. Farris, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 10, 2005
Filed: June 5, 2006

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

PER CURIAM.

Gary Farris appeals the sentence pronounced by the district court[1] after he pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possessing a firearm from which the serial number had been removed or obliterated in violation of 18 U.S.C. § 922(k). We affirm.

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

Sentencing in the period between *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), the district court based Farris's guidelines sentencing range solely on facts admitted by the defendant. With this limitation, the district court applied the guidelines in a mandatory fashion. The district court found that Farris's 2001 Missouri conviction for unlawful use of a weapon and his 2001 Missouri conviction for tampering with a motor vehicle in the first degree were both crimes of violence as defined by U.S.S.G. § 4B1.2, increasing Farris's base offense level from 14 to 24 under U.S.S.G. § 2K2.1. The district court then sentenced Farris to 115 months' imprisonment, the high end of the resulting guidelines range. Farris appeals his sentence, arguing that (1) tampering with a motor vehicle is not a crime of violence, and (2) his sentence was pronounced under mandatory guidelines in violation of *Booker*.

We review de novo whether a prior conviction constitutes a crime of violence under the sentencing guidelines. *United States v. Kendrick*, 423 F.3d 803, 809 (8th Cir. 2005). The Missouri offense of tampering with a motor vehicle in the first degree criminalizes both tampering by operation and tampering by possession. *See* Mo. Rev. Stat. § 569.080.1(2). Tampering by operation is a crime of violence for purposes of § 4B1.2. *United States v. Bockes*, ___ F.3d ___, No. 04-3936, slip op. at 4 (8th Cir. May 18, 2006); *see United States v. Johnson*, 417 F.3d 990, 997-99 (8th Cir. 2005), *reh'g denied*, No. 04-1839 (8th Cir. May 3, 2006).

Because the Missouri statute is overinclusive, we apply the categorical approach developed in *Shepard v. United States*, 544 U.S. 13 (2005), and *Taylor v. United States*, 495 U.S. 575 (1990), to determine if the conduct underlying the conviction falls within the statutory category of tampering by operation. *Bockes*, slip op. at 4-5. The Presentence Investigation Report ("PSR") cited the charging document underlying the 2001 tampering conviction to show that Farris "knowingly and without consent of the owner operated a motor vehicle," placing Farris's conduct within the definition of tampering by operation. In addition, because "the PSR described

conduct derived from documents *Taylor* or *Shepard* permit" and Farris did not object to those underlying facts, the Government was not obliged "to introduce at sentencing the documentary evidence *Taylor* or *Shepard* requires." *United States v. McCall*, 439 F.3d 967, 974 (8th Cir. 2006) (en banc). Therefore, the district court did not err in finding that Farris's conviction for tampering under the Missouri statute is a crime of violence for § 4B1.2 purposes.

We review for harmless error the sentencing court's use of mandatory guidelines after Farris's timely *Blakely* objection. *See United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005) (en banc). Because the district court determined Farris's sentencing guidelines range with no enhancements based on judge-found facts, the error in using mandatory guidelines is not of constitutional magnitude, and the Government bears the burden of demonstrating that no grave doubt exists as to whether the defendant would have received a more favorable sentence under an advisory guidelines system. *Bockes*, slip op. at 5. This burden is met where the district court exercised its discretion to sentence the defendant in the middle of the guidelines range. *United States v. Brooks*, 417 F.3d 982, 985 (8th Cir. 2005) (finding no grave doubt because "[t]he district court was aware that it could have imposed a lesser sentence on [the defendant], and it chose not to do so after considering the need for adequate punishment, deterrence, and protection of the public"). After considering Farris's arguments for a sentence at the low end of the guidelines range, the district court sentenced Farris at the high end of the range. Therefore, "we have no 'grave doubt' in this case because the district court 'left unused some of its discretion' when it sentenced [the defendant] . . . above the minimum Guideline range." *United States v. Green*, 428 F.3d 1131, 1135 (8th Cir. 2005) (quoting *United States v. Perez-Ramirez*, 415 F.3d 876, 878 (8th Cir. 2005)). Thus, the district court's use of mandatory guidelines was harmless error.

Accordingly, we affirm the sentence imposed by the district court.

_____