# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2331

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Theotis Young, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 13, 2007
Filed: May 3, 2007

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal of his 30-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Theotis Young challenges the district court's[1] determination that one of his prior convictions is a "crime of violence" within the meaning of U.S.S.G. § 4B1.2(a)(2). Upon de novo review, see United States v. Bockes, 447 F.3d 1090, 1092 (8th Cir. 2006), we affirm.

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

Young pleaded guilty, without a plea agreement, to being a felon in possession of a firearm. He had a prior Missouri conviction for the felony offense of tampering in the first degree, in violation of Mo. Rev. Stat. § 569.080.1(2) (2000). At sentencing, the court admitted into evidence the guilty-plea petition for the tampering offense, in which Young admitted that he had knowingly, and in concert with others, operated an automobile without the owner's consent. The district court imposed the 30-month sentence for the instant felon-in-possession offense based in part on the court's characterization of Young's tampering conviction as a "crime of violence" under U.S.S.G. § 2K2.1(a)(4), as defined in U.S.S.G. § 4B1.2(a)(2).

In United States v. Johnson, 417 F.3d 990, 997 (8th Cir. 2005), cert. denied, 127 S. Ct. 285 (2006), we held that the Missouri offense of tampering by operation of a vehicle, in violation of section 569.080.1(2), is a "violent felony" for purposes of 18 U.S.C. § 924(e). Johnson governs our analysis in this case. See id. at 996 (statutory definition of violent felony is interchangeable with Guidelines definition of crime of violence). Young seeks to avoid Johnson by arguing that it should be limited to circumstances in which the defendant is shown to have actually operated the vehicle. Young asserts that, because he acted in concert with others, no evidence indicates that he actually drove the car underlying his offense, and his conduct could have been consistent with mere possession. We do not read Johnson as so limiting. The Johnson case drew no distinction between solo and group crimes, and rightly so, because such a distinction would be inconsistent with the general principle that a person convicted as an accomplice is guilty of the same underlying offense as the principal. See United States v. Baca-Valenzuela, 118 F.3d 1223, 1232 (8th Cir. 1997) (there is no separate offense for accomplice liability).

Thus, Johnson is dispositive, and although Young contends that Johnson is wrongly decided because it conflicts with Leocal v. Ashcroft, 543 U.S. 1 (2004), and the decisions of our sister circuits, we are not, sitting as a panel, at liberty to overrule

Johnson. See Jackson v. Ault, 452 F.3d 734, 736 (8th Cir. 2006) (only en banc court can overturn panel decision), cert. denied, 127 S. Ct. 946 (2007).[2]

The judgment of the district court is affirmed.

_____

_____

[2]We note that the majority in Johnson specifically declined to be guided by Leocal, explaining that Leocal addressed the definition of crime of violence for purposes of 18 U.S.C. § 16(b). See Johnson, 417 F.3d at 996 n.4. In addition, given our clear precedent, Young's reliance on decisions of our sister circuits is misplaced. See United States v. Auginash, 266 F.3d 781, 784 (8th Cir. 2001).