# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3517

_____

United States of America

*Plaintiff - Appellee*

v.

Nhan Nguyen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: November 12, 2012
Filed: November 29, 2012
[Unpublished]

_____

SMITH, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Nhan Nguyen pleaded guilty to conspiring to distribute more than fifty grams
of a mixture or substance containing methamphetamine, 21 U.S.C. §§ 841(a)(1),

841(b)(1)(B)(viii), and 846, and the District Court[1] sentenced Nguyen to 125 months in prison. On appeal, Nguyen challenges his sentence, arguing that the court erred in adopting a base-offense level of 32 as recommended in the Presentence Investigation Report without requiring the government to prove by reliable evidence a quantity of methamphetamine attributable to him that supports a base-offense level of 32 under the drug-quantity table at §2D1.1 of the U.S. Sentencing Guidelines Manual.

We need not address Nguyen's argument that the District Court's drug-quantity calculation was flawed because Nguyen's sentence was based not on the quantity of methamphetamine attributable to him but on the court's conclusion that Nguyen is a career offender—a conclusion that Nguyen does not challenge on appeal. See United States v. Gaddy, 532 F.3d 783, 790 (8th Cir.) ("[W]e need not determine whether sufficient evidence supports the district court's finding because the drug quantity finding was superseded by [the defendant's] status as a career offender."), cert. denied, 555 U.S. 1019 (2008); cf. United States v. Adams, 154 F. App'x 562 (8th Cir. 2005) (unpublished per curiam) (holding that district court's error in drug-quantity calculation was harmless given defendant's career-offender status). Thus, even if Nguyen's base-offense level had been determined on the lesser quantity of methamphetamine that Nguyen argues is attributable to him, his sentencing range under the advisory guidelines would still be driven by the higher base-offense level applicable to Nguyen as a career offender. See U.S. Sentencing Guidelines Manual § 4B1.1. Accordingly, we reject Nguyen's argument and affirm the judgment of the District Court.

_____

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.